EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Banco de Desarrollo Económico<br>    Demandante-Recurrido<br><br>           v.<br><br>AMC Surgery y otros<br>    Demandada-Recurrida<br><br>           v.<br><br>Dr. José A. García Lloréns y otro<br>    Demandantes contra Tercero<br>    Peticionarios<br><br>           v.<br><br>First American Title Insurance Co.<br>    Demandado contra Tercero<br>    Recurrido | Certiorari<br><br>2002 TSPR 77<br><br>157 DPR \_\_\_\_ |

Número del Caso: CC-2001-501


Fecha: 11/junio/2002


Tribunal de Circuito de Apelaciones:
                    Circuito Regional III

Juez Ponente:
                    Hon. Jorge L. Escribano Medina

Abogados de la Parte Demandantes contra Tercero Peticionarios:
                    Lcdo. Manuel Martínez Umpierre
                    Lcdo. Joaquín Martínez García
                    Lcdo. Domingo Emanuelli Hernández

Abogado de la Parte Demandado contra Tercero Recurrido:
                    Lcdo. Eric Pérez Ochoa
                    Lcdo. Javier I. Arbona Azizi

Materia: Cobro de Dinero


   Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| Banco de Desarrollo Económico | * | |
| Demandante Recurrido | * | |
| v. | * | |
| AMC Surgery y otros | * | |
| Demandada Recurrida | * | |
| v. | * | |
| Dr. José A. García Lloréns y otro | * | CC-2001-501 |
| Demandantes contra Tercero Peticionarios | * | |
| v. | * | |
| First American Title Insurance Co. | * | |
| Demandado contra Tercero Recurrido | * | |

* * * * * * * * * * * * * * * * * *

**Opinión del Tribunal emitida por la Juez Asociada señora NAVEIRA DE RODÓN**

San Juan, Puerto Rico a 11 de junio de 2002

I

El 6 de agosto de 1999, el Dr. José A. García Lloréns, su esposa y la sociedad legal de gananciales compuesta por ambos, y el Sr. Sadi Rafael Antommattei (en adelante peticionarios), presentaron una demanda contra tercero contra la First American Title Insurance Company (en adelante First American o demandada). Conjuntamente con la

demanda, los peticionarios acompañaron el emplazamiento correspondiente.[1]

Luego de varios trámites procesales, incluyendo una moción de desestimación de la demanda contra tercero presentada por el Banco de Desarrollo Económico, demandante original en el pleito, el tribunal de instancia emitió una resolución de 10 de noviembre de 1999, en la cual decidió admitir la demanda contra tercero **y ordenó que se expidieran los emplazamientos correspondientes**.

El 27 de diciembre de 2000, la Secretaría del Tribunal de Primera Instancia **expidió** el emplazamiento contra First American. Seis (6) días después, el 2 de enero de 2001, la parte peticionaria **diligenció** dicho emplazamiento, el cual fue recibido por First American ese mismo día.

First American presentó una moción de desestimación de la demanda contra tercero. Alegó que el emplazamiento no se diligenció dentro del término de seis (6) meses que dispone la Regla 4.3(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, según interpretada por este Tribunal en Monell v. Mun. De Carolina, 146 D.P.R. 20 (1998). Los peticionarios se opusieron a la desestimación. Alegaron que el mismo día en que presentaron la demanda contra tercero, sometieron también un proyecto de emplazamiento para que la Secretaría del tribunal de instancia expidiera el mismo a nombre de First American. Señalaron que la tardanza en la expedición del emplazamiento a First American se debió a dos cosas: (1) que como cuestión de hecho, el tribunal de instancia no autorizó la demanda contra tercero hasta el 10 de noviembre de 1999; y (2) que por alguna omisión de la Secretaría de dicho tribunal, y debido al gran cúmulo de trabajo y escasez de recursos económicos, el tribunal se retrasó en la expedición del emplazamiento. En

---

[1] Este hecho no ha sido controvertido por la tercera demandada.

consecuencia, los peticionarios sostuvieron que efectivamente cumplieron con el trámite requerido en la Regla 4.3 de Procedimiento Civil, según interpretada en Monell v. Mun. de Carolina, supra, ya que acompañaron con la demanda el proyecto de emplazamiento a First American, y diligenciaron el emplazamiento apenas seis (6) días después que la Secretaría del tribunal de instancia expidiera los mismos.

El tribunal acogió el planteamiento de los peticionarios y declaró sin lugar la desestimación presentada por First American. Inconforme, ésta acudió mediante recurso de certiorari ante el Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito). Dicho foro revocó la resolución emitida por el tribunal de instancia. Resolvió que según lo resuelto en Monell v. Mun. de Carolina, supra, "los tercero demandantes no gestionaron la expedición de los emplazamientos en más de (1) año en contravención de los seis (6) meses de la Regla 4.3 de Procedimiento Civil. Tampoco solicitaron prórroga para emplazarlo ni explicaron hechos o circunstancias meritorias que le permitiesen al Tribunal de Primera Instancia ejercer su discreción." En consecuencia, el foro apelativo desestimó la demanda contra tercero.

Inconformes con esta determinación, los peticionarios recurrieron ante nos mediante recurso de certiorari. Señalaron como único error el que el Tribunal de Circuito revocara la determinación del tribunal de instancia sin que se hubiera demostrado que dicho foro abusó de su discreción al no desestimar la demanda contra tercero y permitir el emplazamiento a First American.

Acordamos revisar y expedimos el recurso solicitado. Ambas partes han comparecido y con el beneficio de sus argumentos resolvemos.

II

La Regla 4.1 de Procedimiento Civil establece que "presentada la demanda, el secretario expedirá inmediatamente un emplazamiento y lo entregará al demandante o a su abogado." Por su parte, la Regla 4.3(b) establece que:

> El emplazamiento **será diligenciado** en el término de seis (6) meses de haber sido expedido. Dicho término podrá ser prorrogado por un término razonable a discreción del Tribunal si el demandante demuestra justa causa para la concesión de la prórroga y solicita la misma dentro del término original. Transcurrido el término original o su prórroga sin que el emplazamiento se hubiere diligenciado, se tendrá a la parte actora por desistida, con perjuicio.

En Monell v. Mun. de Carolina, supra, tuvimos la oportunidad de interpretar la disposición citada. En ese caso, se trataba de una demanda en daños y perjuicios contra el Municipio de Carolina y su alcalde. El día de la presentación de la demanda, se expidió el emplazamiento contra el Municipio, pero no se gestionó la expedición del emplazamiento contra el alcalde. Más de seis (6) meses después, los demandantes enmendaron la demanda original, sin modificar ninguna de las alegaciones contra el alcalde, y fue en ese momento que se gestionó la expedición del emplazamiento contra éste. El alcalde solicitó la desestimación de la demanda en su contra por incumplimiento con la Regla 4.3(b).

De acuerdo con esos hechos, resolvimos que aunque la Regla 4.3 le impone al secretario del tribunal la obligación ministerial de expedir inmediatamente los emplazamientos, para dar cumplimiento a dicha disposición **es preciso que, al momento de presentar la demanda, el demandante o su abogado acompañen los emplazamientos correspondientes para que el secretario los firme y selle**. Establecimos esta regla en reconocimiento de que en nuestros tribunales, la práctica es que son el demandante o su abogado los que preparan y someten al tribunal, conjuntamente con la demanda, los

emplazamientos. Nuestros pronunciamientos en Monell tuvieron el efecto de imponerle expresamente esta responsabilidad a la parte demandante. Es decir, a partir de Monell v. Mun. de Carolina, no cabe interpretar la Regla 4.3(b) en el sentido de que corresponde únicamente al secretario del tribunal de instancia la responsabilidad de tramitar la expedición del emplazamiento. El demandante no puede presentar una demanda y esperar a que el secretario prepare y expida los emplazamientos correspondientes, sino que corresponde al demandante el deber de someterlos conjuntamente con la demanda. Una vez el secretario expide el emplazamiento, corresponde al demandante gestionar el diligenciamiento del mismo.

De acuerdo con estas normas, determinamos en Monell que cuando la Regla 4.3(b) establece que el emplazamiento será diligenciado dentro del término de seis (6) meses de haber sido expedido, la fecha de su expedición se refiere a la fecha de presentación de la demanda, y desde esa fecha es que comienza a contar el término para que la parte demandante diligencie el emplazamiento expedido. Esta norma parte de la premisa de que, como regla general, los emplazamientos se expiden el mismo día en que se radica la demanda, o con pocos días de diferencia.

Sin embargo, es necesario aclarar que el término de seis (6) meses que establece la Regla 4.3(b), que, como regla general, comienza a decursar cuando se presenta la demanda, es el término que tiene la parte demandante para diligenciar el emplazamiento **una vez éste es expedido por el secretario del tribunal**. Así surge expresamente del texto mismo de la Regla 4.3(b). Es decir, el término de seis (6) meses no se refiere al término que tiene el tribunal de instancia para **expedir** el emplazamiento, sino que es el término que tiene la parte demandante para **diligenciarlo**. Por tanto, para que comience a decursar dicho término, es requisito no solamente el que se haya presentado la demanda

y sometido el emplazamiento correspondiente, sino además que dicho emplazamiento sea **expedido** por el tribunal.

Con este trasfondo procesal y normativo, analicemos el caso de marras.

III

**En este caso, el 6 de agosto de 1999, los peticionarios presentaron una demanda contra tercero y según alegaron ante el tribunal de instancia, conjuntamente con la demanda presentaron el emplazamiento correspondiente. Este alegación no ha sido contradicha por la tercera demandada. Luego de varios trámites procesales, aproximadamente tres (3) meses más tarde, el 10 de noviembre de 1999, el tribunal de instancia admitió la demanda contra tercero y ordenó que se expidieran los emplazamientos; la secretaria del tribunal no cumplió con esta orden hasta poco más de un (1) año después de emitida la misma, el 27 de diciembre de 2000. Sin embargo, una vez expedido el emplazamiento, los peticionarios diligenciaron el mismo diligentemente, dentro de los próximos seis (6) días, el 2 de enero de 2001.**

De lo reseñado surge con meridiana claridad que, a pesar de la regla general de que la fecha de expedición del emplazamiento equivale a la fecha de presentación de la demanda, y desde esa fecha es que comienza a transcurrir el término para diligenciar el emplazamiento, **la realidad fáctica de este caso es que, aunque los peticionarios sometieron el emplazamiento junto con la demanda contra tercero, el tribunal no admitió dicha demanda hasta aproximadamente tres (3) meses después y fue en ese momento que ordenó a la secretaria del tribunal de instancia expedir el emplazamiento. Ésta no llevó a cabo lo ordenado hasta que había transcurrido poco más de un año.** Por lo tanto,

el término de seis (6) meses que establece la Regla 4.3(b) para diligenciar dicho emplazamiento no comenzó a decursar contra los peticionarios el día que éstos presentaron la demanda.

Al analizar el expediente, entendemos que la Secretaría del tribunal de instancia no expidió los emplazamientos en una fecha próxima a la fecha de la presentación de la demanda contra tercero en razón de que el Banco de Desarrollo Económico, parte demandante que inició el pleito que nos ocupa, presentó una solicitud de desestimación de la demanda contra tercero el 21 de septiembre de 1999. Resulta razonable concluir que el tribunal de instancia decidió atender esta moción antes de admitir la demanda presentada y ordenar que se expidieran los emplazamientos, lo cual hizo mediante orden de 10 de noviembre de ese mismo año. Desde esta fecha transcurrió un plazo de más de un (1) año para la expedición de los emplazamientos por parte de la secretaria del tribunal.[2]

Ahora bien, esto no significa, sin embargo, que la parte que tiene que realizar el emplazamiento, en este caso, los demandantes contra tercero aquí peticionarios, pueda, ante la desidia de la Secretaría del foro de instancia, cruzarse de brazos y dejar que transcurra un término irrazonablemente largo sin que se haya expedido dicho emplazamiento. Después de todo, le corresponde, tanto al tribunal como a las partes velar porque se cumpla con el principio de cardinal procesal de que los procedimientos en los tribunales deben tramitarse de forma **justa**, **rápida y económica**. Pasado un tiempo razonable sin

---

[2] Cabe destacar que no surge del expediente que el juez de instancia haya inquirido de alguna forma en el por qué del retraso en el cumplimiento de su orden, como tampoco que se haya seguido trámite procesal alguno en el tribunal con relación a dicho retraso, incluyendo algún tipo de acción al amparo de la Regla 39.2(b) de Procedimiento Civil. Es aconsejable en casos como el de autos, donde claramente existe un dilación extrema en el cumplimiento con lo dictaminado por

que la secretaria del tribunal hubiese expedido el emplazamiento, la parte debió presentar una moción solicitando su expedición, alertando de esta manera al juez del hecho de que su orden no se había cumplido.[3]

Sin embargo, debido a que esta es la primera vez que específicamente resolvemos que el cumplir estrictamente con los aspectos técnicos de la Regla 4.3(b) de Procedimiento Civil no releva a la parte de velar porque los procedimientos se realicen de forma **justa**, **rápida y económica**, entendemos que no debemos aplicar la drástica sanción de la desestimación. A tenor con los antes expuesto, la norma que hoy establecemos será de aplicación prospectiva.

Por todos estos fundamentos, se revoca la sentencia emitida por el Tribunal de Circuito de Apelaciones. Se devuelve el caso para que continúen los procedimientos de forma compatible con lo aquí resuelto.


Miriam Naveira de Rodón
Juez Asociada

---

el tribunal, que  el juez de instancia vele que sus órdenes sean cumplidas con prontitud y diligencia.

[3] En casos extremos, la parte tendría disponible el recurso de Mandamus para obligar a la Secretaría del tribunal a cumplir con su deber ministerial de expedir el emplazamiento.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Banco de Desarrollo Económico     *

     Demandante Recurrido     *

        v.     *

AMC Surgery y otros     *

     Demandada Recurrida     *

        v.     *

Dr. José A. García Lloréns     *     CC-2001-501
y otro     *

     Demandantes contra Tercero     *
     Peticionarios     *

        v.     *

First American Title Insurance Co. *

     Demandado contra Tercero     *
     Recurrido     *
* * * * * * * * * * * * * * * * * *


SENTENCIA


San Juan, Puerto Rico a 11 de junio de 2002


**Por los fundamentos expuestos en la Opinión que antecede, revocamos la sentencia emitida por el Tribunal de Circuito de Apelaciones y devolvemos el caso para que continúen los procedimientos de forma compatible con lo aquí resuelto.**

**Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez concurre con el resultado sin opinión escrita.**


**Patricia Otón Olivieri**
**Secretaria del Tribunal Supremo**