EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Doral Mortgage Corporation <br> Peticionario <br><br> v. <br><br> Máximo J. González Sánchez, et als. <br> Recurridos | Certiorari <br><br> 2002 TSPR 152 <br><br> 158 DPR \_\_\_\_ |

Número del Caso: CC-2001-984

Fecha: 19 de diciembre de 2002

Tribunal de Circuito de Apelaciones:
                        Circuito Regional IV

Panel integrado por su Presidenta, la Juez López Vilanova, el Juez Córdova Arone y la Juez Feliciano Acevedo

Abogados de la Parte Peticionaria:
                        Lcdo. Wendell W. Colón
                        Lcdo. Félix A. Toro, Jr.

Materia: Ejecución de Hipoteca

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Doral Mortgage Corporation

    Peticionario

      v.

CC-2001-984

Máximo J. González Sánchez,
et als

    Recurridos


SENTENCIA


San Juan, Puerto Rico a 19 de diciembre de 2002


El 15 de julio de 1998, Doral Mortgage Corp. (en adelante Doral), presentó en el Tribunal de Primera Instancia, Sala de Aguadilla, una demanda sobre ejecución de hipoteca por la vía ordinaria contra Máximo Javier González Sánchez, Mirna Enid Caro Ventura y la sociedad de gananciales compuesta por ambos. Los emplazamientos se expidieron el 21 de julio de ese mismo año y se le entregaron al emplazador Felix M. Bolier el 6 de agosto.

Según surge de las declaraciones juradas del Sr. Bolier que obran en el apéndice del recurso, el

16

de agosto éste compareció a la dirección de la propiedad que estaba siendo objeto de ejecución y allí encontró que la persona que residía en la misma era la señora Virginia Ventura, madre de la codemandada Caro Ventura. Ésta le indicó que el Sr. González Sánchez ya no vivía en Puerto Rico y que su hija vivía en Aguada. Le informó que González Sánchez residía en Washington, D.C., pero que desconocía su dirección. En cuanto a su hija no quiso dar más información.

El 20 de enero de 1999 Doral solicitó un término adicional de treinta (30) días para emplazar. Acompañó la moción con una declaración jurada del emplazador Bolier detallando las gestiones que había hecho tratando de emplazar a la codemandada Caro Ventura. El 1 de febrero de 1999, notificada el 9 de dicho mes el tribunal concedió la prórroga. Luego de una serie de gestiones, el 17 de febrero de 1999, por fin Bolier logró emplazar personalmente a la codemandada Caro Ventura en el Bo. Piedras Blancas, Sector Guavá, Carr. 416, Km. 23, en Aguada. Al dorso del emplazamiento, en la parte titulada **DILIGENCIAMIENTO POR PERSONA PARTICULAR**, el emplazador Bolier hizo constar bajo juramento que había notificado personalmente a la señora Mirna Enid Caro Ventura **por si y a la sociedad de bienes gananciales**.

Así las cosas, el 5 de marzo de 2001 el foro de instancia, <u>sua sponte</u> emitió una orden para que la parte demandante, Doral, mostrara causa por la cual no se debería desestimar la demanda, con perjuicio, en cuanto a los codemandados Caro Ventura y la sociedad de bienes gananciales por haber sido éstos emplazados ya transcurrido el término dispuesto por la Regla 4.3(b)de

Procedimiento Civil.[1]  Por estar en rebeldía las codemandadas al no haber comparecido, a tenor con lo dispuesto en la Regla 67.1 de Procedimiento Civil, no se le notificó esta orden.  El 15 de marzo de 2001 Doral presentó una moción en cumplimiento de orden donde explicó que el tribunal le había concedido un término adicional para emplazar y que el emplazamiento se había realizado dentro de ese término.

El 9 de mayo el tribunal de instancia dictó dos sentencias parciales dando por desistida la demanda con perjuicio contra las codemandadas Caro Ventura y la sociedad de bienes gananciales.  Doral solicitó reconsideración de ambas sentencias y el 31 de mayo el tribunal reconsideró y dejó sin efecto la sentencia parcial de archivo en cuanto a la codemandada Caro Ventura.  En lo que respecta a la sociedad de bienes gananciales ordenó a Doral a que, a la luz de lo resuelto en Vega Ortiz v. Bonilla Vázquez, Op. de 12 marzo de 2001,_____ D.P.R._____ (2001), 2001 JTS 38, acreditara el haber emplazado a la sociedad de bienes gananciales.  El 24 de julio de 2001 el foro de instancia denegó la reconsideración en cuanto a la sociedad de gananciales.  Inconforme con esta determinación Doral presentó recurso de certiorari al Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito).  El 24 de septiembre del 2001 el foro apelativo dictó resolución denegando la expedición del recurso.[2]  Resolvió que el emplazamiento iba dirigido solamente a la codemandada Caro

---

[1]     Del expediente surge que el codemandado González Sánchez fue emplazado por edicto.

[2]     Por ser ésta la revisión de una sentencia parcial emitida por el Tribunal de Primera Instancia, el recurso apropiado para recurrir al Tribunal de Circuito era el de apelación.  Para

Ventura y que en el mismo no se indicó que se estuviese emplazando a la sociedad de bienes gananciales por conducto de ella. Apoyó esta determinación en el caso de <u>Vega Ortiz</u> v. <u>Bonilla Vázquez</u>, supra.

Inconforme con la decisión del Tribunal de Circuito Doral acudió ante nos planteando como único error el siguiente:

> Cometió error de derecho el Honorable Tribunal de Circuito de Apelaciones al validar el dictamen del Honorable Tribunal de Instancia, que decretó el archivo, con perjuicio de la reclamación en cuanto a la codemandada Sociedad de Gananciales porque según su criterio dicha parte no fue emplazada por conducto de la codemandada Mirna Enid Caro Ventura.

Decidimos revisar y expedimos el recurso.[3]

En <u>Vega Ortiz</u> v. <u>Bonilla Vázquez</u>, supra, reiteramos el hecho de que la sociedad de bienes gananciales es una entidad económica familiar sui géneris, con personalidad propia distinta y separada de los cónyuges que la componen. Recalcamos que a tenor con lo dispuesto en el Art. 91 del Código Civil, 31 L.P.R.A. sec. 284, ambos cónyuges son coadministradores de la sociedad de bienes gananciales y que cualquiera de éstos puede representarla legalmente. En dicho caso resolvimos que "cuando en un pleito se demanda a ambos cónyuges y a la sociedad de bienes gananciales, para que el tribunal **adquiera jurisdicción sobre todos** es necesario que se **emplace a todos.**" Para que el emplazamiento sea suficiente y para que la sociedad de bienes gananciales quede emplazada, debe surgir de un

---

propósitos de este recurso, consideraremos la Resolución dictada por el Tribunal de Circuito como una sentencia.

[3] Por no haber comparecido y estar en rebeldía el recurso no se le notificó a la parte demandada. Mediante moción informativa Doral nos indica que la parte demandada nunca ha comparecido ni ha levantado defensa alguna. Además, añade que

análisis del emplazamiento, su diligenciamiento y la demanda, que se está emplazando a ésta a través de uno de los cónyuges.

El caso de <u>Vega Ortiz</u> v. <u>Bonilla Vázquez</u>, supra, distinto al de autos, ni en el emplazamiento ni en su diligenciamiento se mencionó en parte alguna a la sociedad de bienes gananciales, **"ni se aseveró que se le estaba emplazando por conducto de [uno de los cónyuges]"**. En el caso ante nuestra consideración, sin embargo, en el diligenciamiento del emplazamiento, al dorso del mismo, se hizo constar bajo juramento por el emplazador Bolier, que se estaba emplazando a la codemandada Caro Ventura **"por sí y a la sociedad de bienes gananciales"**. De la demanda que se entregó con dicho emplazamiento, también surge, con meridiana claridad, que la sociedad de bienes gananciales era una de las codemandadas.

No cabe duda que no estamos ante un modelo de como se debe emplazar a una sociedad de bienes gananciales. Sin embargo, estimamos que salvo que retornemos a la nefasta y tan criticada era del rigorismo formalista procesal, el emplazamiento en el caso ante nuestra consideración fue suficiente para que quedara emplazada la sociedad de bienes gananciales compuesta por los codemandados González Sánchez y Caro Ventura.[4]

Por las razones antes expuestas se dicta sentencia revocando las emitidas en el Tribunal de Circuito y el Tribunal

---

abandonó la propiedad objeto de la hipoteca "la cual se encuentra ocupada por una tercera persona."

[4] En este caso, a lo sumo, estaríamos ante un inadecuado emplazamiento, no ante una falta total de emplazamiento. Por lo tanto, lo que procedería de haber entendido el tribunal que esta era la situación, sería ordenar que se emplazara correctamente y conceder a la parte demandante un término para llevar a cabo estas gestiones.

de Primera Instancia y se devuelve el caso para que continúen los procedimientos de forma consistente con lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López disiente con Opinión escrita.  El Juez Asociado señor Fuster Berlingeri disiente sin Opinión escrita.  Los Jueces Asociados señores Hernández Denton y Rivera Pérez no intervienen.


Patricia Otón Olivieri
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Doral Mortgage Corporation

    Peticionario

        vs.                        CC-2001-984    CERTIORARI

Máximo J. González Sánchez
et als

    Recurridos

OPINIÓN DISIDENTE EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 19 de diciembre de 2002

Lamentablemente <u>no</u> podemos suscribir la Sentencia mayoritaria que emite en el presente caso una mayoría de los integrantes del Tribunal. La misma resulta ser una errónea a la luz de pronunciamientos recientes de este Tribunal.

I

Conforme surge de la propia relación de hechos que se hace en la Sentencia mayoritaria que hoy se emite, el demandante peticionario Doral Mortgage Corp. <u>radicó</u> una demanda sobre ejecución de hipoteca, por la vía ordinaria, ante la Sala de Aguadilla del Tribunal de Primera Instancia contra los demandados recurridos <u>el día 15 de julio de 1998</u>.

La referida parte demandante solicitó del tribunal de instancia que le concediera una prórroga para emplazar a la parte demandada con fecha de 20 de enero de 1999; esto es, ya habiendo transcurrido el término de seis (6) meses desde la fecha de la radicación de la demanda y, por ende, el término que para ello específicamente provee la Regla 4.3 (b) de las Reglas de Procedimiento Civil.

La mayoría de los integrantes del Tribunal no le da importancia alguna a esta situación --dedicándose a resolver el caso por otros fundamentos de derecho-- y procede a revocar las sentencias emitidas en el caso tanto por el Tribunal de Circuito de Apelaciones como por el Tribunal de Primera Instancia, devolviendo el caso al foro primario para la continuación de los procedimientos. Disentimos; veamos por qué.[5]


## II

La Regla 4.3 de las de Procedimiento Civil establece, en lo pertinente, que:

> (a) ...............................................
> ...............................................

---

[5] Sabido es que "...es tradición de este Tribunal en el cumplimiento de su misión de impartir justicia, inspirada en lo dispuesto en la Ley de 12 de marzo de 1903, 4 L.P.R.A. sec. 36, al efecto de que ""en sus deliberaciones y fallos en todos los asuntos, tanto en lo civil como en lo criminal, [el Tribunal Supremo] no se limitara solamente a infracciones de ley o quebrantamientos de forma, según fueren señalados, alegados o salvados por los litigantes, o según se hiciera constar en sus exposiciones y excepciones sino que con el más alto fin de justicia, ...puede también entender en todos los hechos y tramitaciones en la causa tal como aparecieren en autos, considerando en igual forma sus méritos para la mejor administración de justicia y del derecho, y evitar injusticias y demoras"". Pueblo v. Colón Obregón, 102 D.P.R. 369 (1974); Pueblo v. Aletriz, 85 D.P.R. 646 (1962); Dávila v. Valdejulli, 84 D.P.R. 101 (1961); Pueblo v. Túa, 84 D.P.R. 39 (1961); Reyes v. Reyes, 76 D.P.R. 284 (1954); Rivera v. Sucn. Lugo, 42 D.P.R. 189 (1931).

(b) El emplazamiento será diligenciado en el término de seis (6) meses de haber sido expedido. Dicho término solo podrá ser prorrogado por un término razonable a discreción del tribunal <u>si el demandante demuestra justa causa para la concesión de la prórroga y solicita la misma dentro del término original</u>. Transcurrido el término original o su prórroga sin que el emplazamiento hubiere sido diligenciado, se tendrá a la parte actora por desistida, con perjuicio. (Énfasis suplido.)

Hemos resuelto que el referido término de seis (6) meses <u>comienza a decursar desde la fecha de la radicación de la demanda</u>; esto es, que se entienden expedidos los emplazamientos desde la fecha en que se presenta la demanda ante las secretarías del tribunal de instancia. <u>Banco de Desarrollo Económico</u> v. <u>A.M.C. Surgery</u>, res. el 11 de junio de 2002 (2002 TSPR 77); <u>Monell</u> v. <u>Municipio de Carolina</u>, 146 D.P.R. 20 (1998).

Por otro lado, hemos claramente establecido que el tribunal de instancia tiene discreción para extender el referido término de seis (6) meses <u>siempre y cuando se cumpla con dos (2) requisitos, a saber</u>: que el demandante demuestre justa causa para la concesión de la prórroga y que ésta sea solicitada <u>dentro</u> del término original de los seis (6) meses, <u>esto es, antes de expirar el mismo</u>.

De hecho, nuestra <u>última decisión</u> al respecto <u>no</u> puede ser más clara a esos efectos. En <u>Reyes Díaz</u> v. <u>E.L.A. y otros</u>, Opinión del 7 de diciembre de 2001 (2001 J.T.S. 171), al <u>rechazar</u> el argumento de la parte demandante de que había emplazado oportunamente, expresamos que dicha parte:

"...Basa dicho argumento en un <u>razonamiento totalmente erróneo</u>, a saber: sostiene que el tribunal de instancia le autorizó una prórroga para emplazar, <u>se olvida que dicha orden fue emitida en virtud de una solicitud de prórroga presentada tardíamente</u>. Recordaremos que dicha solicitud fue radicada ante el tribunal ya habiendo transcurrido el término de seis (6) meses que establece la Regla 4.3(b) de Procedimiento Civil. Dicha disposición

reglamentaria es clara al disponer que el término para emplazar sólo podrá ser prorrogado por un término razonable a discreción del tribunal si el demandante demuestra justa causa para la concesión de la prórroga y solicita la misma dentro del término original. Transcurrido el término original, o su prórroga, sin que el emplazamiento hubiere sido diligenciado, se tendrá a la parte actora por desistida con perjuicio. (Énfasis suplido.)[6]

III

Habiéndose radicado, como señaláramos anteriormente, la moción de prórroga por la parte demandante con posterioridad al vencimiento del término de seis (6) meses que establece la referida Regla 4.3 (b) de Procedimiento Civil, no cabe duda que no procedía la extensión de dicho término. De todas maneras, no surge que la parte demandante haya demostrado "justa causa" para la dilación en el emplazamiento. Procede, en consecuencia, decretar la confirmación de las sentencias desestimatorias emitidas tanto por el Tribunal de Circuito de Apelaciones como por Tribunal de Primera Instancia, aún cuando por fundamentos distintos a los expuestos por dichos foros.

La Sentencia hoy emitida por el Tribunal --por mayoría de tres a dos de sus integrantes-- no le hace bien a la clase togada puertorriqueña. Esa Mayoría le hace un "flaco servicio" a la clase profesional, y a esta institución, con la emisión de ponencias que

---

[6] Es de notar que en el citado caso, la compañera Juez Naveira de Rodón disintió "...por entender que, atendida como una de relevo de sentencia, Regla 49.2 de Procedimiento Civil; 32 L.P.R.A. Ap. III, la moción presentada debió haberse concedido. Además, a tenor con los resuelto en *Banco Metropolitano* v. *Berrios*, 110 D.P.R. 721 (1981), y su progenie, procedía a prorrogar el término para diligenciar el emplazamiento, aún después de vencido el plazo dispuesto por la Regla 4.3(b) de Procedimiento Civil, *supra*, ya que existían razones válidas para justificar la dilación"; posición que, obviamente, fue expresamente rechazada por la mayoría de los integrantes del Tribunal.

resultan totalmente irreconciliables entre sí. Debemos cuidarnos mucho de actuar de esa manera ya que actuaciones como éstas causan que los profesionales del Derecho en esta jurisdicción no sepan a qué atenerse.

Es por ello que disentimos.


FRANCISCO REBOLLO LÓPEZ
Juez Asociado