*604 TEXTO COMPLETO DE LA RESOLUCIÓN
Comparecen ante nos la Sra. Bruñilda Bausó (la Sra. Bausó) y su esposo, el Sr. Justo Muñoz Robau (en conjunto, los peticionarios). Nos solicitan que revoquemos la Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (el TPI) el 10 de junio de 2008 y notificada el subsiguiente día 12. Por medio de ésta, el TPI declaró no ha lugar la Moción de Nulidad de Emplazamientos presentada por los peticionarios en la que cuestionaron la prórroga concedida por el TPI para diligenciar los emplazamientos en su contra.
Analizado el recurso y el derecho aplicable, resolvemos denegar el auto de certiorari solicitado.
I
El 3 de octubre de 2007, la Sra. Wilnelia Montes De Jesús (la Sra. Montes o la recurrida) presentó una demanda sobre daños y perjuicios en contra de los peticionarios, por sí y en representación de su hijo Gustavo Muñoz Bausó (Gustavo), además del Sr. Justo Muñoz Sánchez (el Sr. Muñoz Sánchez) y/o su esposa y su sociedad de gananciales compuesta con esta última. Alegó que el 8 de octubre de 2006 se encontraba transitando en su vehículo Mitsubishi Montero por la carretera 199 salida carretera 1, jurisdicción de San Juan, cuando fue impactada por un vehículo Toyota Corolla, tablilla BSD-671, conducido por Gustavo, quien era menor de edad al momento del accidente. Argüyó que Gustavo negligentemente hizo caso omiso de una luz roja rebasándola y así, ocasionó el accidente. Adujo que en virtud de ello tuvo que solicitar asistencia médica en el Hospital San Juan Wellness Center de Santurce. Indicó que como consecuencia de los daños físicos sufridos por razón de dicho accidente tuvo que recibir tratamiento médico a través de la ACAA. Añadió que los peticionarios, por ser los padres de Gustavo, eran solidariamente responsables por los daños ocasionados por este último. Además, alegó que el Sr. Muñoz Sánchez también era responsable por ser alegadamente el dueño del vehículo conducido por Gustavo. Finalmente, reclamó que los daños sufridos debían ser compensados en una suma no menor de $100,000, los sufrimientos y angustias mentales en no menos de $25,000 y la pérdida de ingresos en una cantidad no menor de $10,000.
El 25 de marzo de 2008, la recurrida presentó Moción Solicitando T[é]rmino Adicional para Diligenciar Emplazamiento. Expuso que el 3 de octubre de 2007 se expidieron los correspondientes emplazamientos y que en o antes del 29 de marzo de 2008 debían ser diligenciados. No obstante, señaló que a pesar de los esfuerzos realizados no había logrado diligenciarlos. Por ello, entre otros asuntos, le solicitó al TPI una prórroga de 45 días para emplazar a los peticionarios y al Sr. Muñoz Sánchez y/o su esposa.
En respuesta, la Sra. Bausó, sin someterse a la jurisdicción del TPI, presentó Oposición a Extensión del Término para Emplazar. [1] Argüyó que no procedía la prórroga solicitada, pues la Sra. Montes no mostró justa causa para ello, requisito exigido en la Regla 4.3 (b) de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 4.3(b). Enfatizó que en la moción de prórroga presentada por la recurrida, ésta no expuso ni una sola circunstancia que explicara el porqué no pudo emplazar dentro del término de seis (6) meses. Agregó que la Sra. Montes conocía la dirección de cada uno de los demandados por razón de la querella sometida ante la Policía por el aludido accidente. A base de tales fundamentos, solicitó la desestimación de la demanda en su contra.
Posteriormente, los peticionarios presentaron Moción de Nulidad de Emplazamiento. Señalaron que el 28 de *605 abril de 2008 fueron emplazados, pero que dichos emplazamientos eran nulos porque no fueron expedidos conforme a derecho. Reiteraron su argumento de que el TPI carecía de autoridad para conceder la prórroga solicitada porque la recurrida no mostró justa causa para ello.
En cuanto a la Oposición a Extensión del Término para Emplazar presentada por los peticionarios, el 13 de mayo de 2008, el TPI dictaminó que: “Ya habíamos concedido la prórroga. ” No conforme, el 27 de mayo de 2008 los peticionarios presentaron Moción de Reconsideración. Manifestaron que el TPI actuó erróneamente y sin facultad en derecho al conceder la prórroga solicitada. Explicaron que el TPI no tuvo ante su consideración ni una “scintilla” de evidencia sobre justa causa.
No obstante, el 10 de junio de 2008, el TPI determinó respecto a la Moción de Reconsideración que: “Mantenemos nuestro dictamen” y referente a la Moción de Nulidad de Emplazamiento expresó: “No ha lugar”. Ambas Resoluciones fueron notificadas el 12 de junio de 2008.
Insatisfechos aún, el 8 de julio de 2008, los peticionarios presentaron el recurso de epígrafe. Señalaron como único error lo siguiente:

“Erró el Tribunal de Primera Instancia al denegar la Moción de Nulidad de Emplazamiento hecho luego de 6 meses de radicada la demanda sin que la parte demandante hubiera mostrado justa causa que lo justificara. ”

Por su parte, el 18 de julio de 2008, la recurrida presentó su escrito de oposición. Adujo que la Regla 68.2 de Procedimiento Civil ha sido interpretada a los fines de concederle amplia discreción al tribunal para prorrogar el término de diligenciamiento de los emplazamientos. Además, puntualizó que la normativa judicial vigente es que los casos se ventilen en sus méritos.
Posteriormente, el 12 de agosto de 2008, los peticionarios presentaron Moción Solicitando se Elimine Oposición a Certiorari. Adujeron que los documentos incluidos en el Apéndice del escrito de oposición de la recurrida no fueron presentados ante el TPI. Por ello, indicaron que conforme a la Regla 74 (B) de nuestro Reglamento estábamos incapacitados de evaluar tales documentos porque no estuvieron ante la consideración del TPI. De este modo, el 25 de septiembre de 2008, la Sra. Montes nos informó que se allanaba a que este Tribunal desglosara los documentos anejados a su escrito de oposición que no formaban parte del expediente del TPI. Por ende, mediante Resolución de 30 de septiembre de 2008, ordenamos el desglose de los aludidos documentos.
Con el beneficio de ambas comparecencias, procedemos a resolver.
II
A
Como se sabe, el emplazamiento es el mecanismo procesal que permite al tribunal adquirir jurisdicción sobre el demandado, de forma tal que éste quede obligado por el dictamen que finalmente emita. Márquez v. Barreto, 143 D.P.R. 137 (1997). El emplazamiento diligenciado conforme a derecho es principio esencial del debido proceso de ley. El mismo tiene el propósito primordial de notificar de forma sucinta y sencilla a la parte demandada que existe una acción en su contra para así garantizarle la oportunidad de comparecer en el juicio, ser oído y presentar prueba en su defensa. Bco Central Corp. v. Capitol Plaza, Inc., 135 D.P.R. 760 (1994); Lucero v. San Juan Star, 159 D.P.R. 494 (2003); Álvarez v. Arias, 156 D.P.R. 352 (2002). Por ello, los requisitos para el emplazamiento establecidos por la Regla 4 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 4, son de cumplimiento estricto. The Chase Manhattan Bank v. Polanco Martínez, 131 D.P.R. 530 (1992); Rodríguez v. Nashrallah, 118 D.P.R. 93 (1986); Bco Central Corp. v. Capitol Plaza, Inc., supra; Quiñones *606 Román v. Cía. ABC, 152 D.P.R. 367 (2000).
La Regla 4.3(b) de Procedimiento Civil vigentes dispone lo siguiente:

“El emplazamiento será diligenciado en el término de seis (6) meses de haber sido expedido. Dicho término podrá ser prorrogado por un término razonable a discreción del Tribunal si el demandante demuestra justa causa para la concesión de la prórroga y solicita la misma dentro del término original. Transcurrido el término original o su prórroga sin que el emplazamiento se hubiere diligenciado, se tendrá a la parte actora por desistida, con perjuicio. ”

El comentario que sigue a dicha Regla señala que el término de seis (6) meses para el diligenciamiento del emplazamiento, so pena de desistimiento con perjuicio, tiene "... el propósito de acelerar la tramitación de los pleitos y de que las partes ejerzan la debida diligencia”. [2] Por tal razón, el mismo no debe verse como una defensa del demandado, quien, no obstante, podrá señalar la expiración del término oportunamente al tribunal. Global v. Salaam, 164 D.P.R. 474 (2005); Banco Metropolitano de Bayamón v. Berríos Marcano, 110 D.P.R. 721 (1981).
Desde el caso de Monell v. Mun. de Carolina, 146 D.P.R. 20 (1998), nuestro más Alto Foro ha resuelto que, aunque por lo regular los seis (6) meses dispuestos por la Regla 4.3(b) comenzarán a decursar desde que se presenta la demanda, en efecto, el demandante tiene dichos seis (6) meses a partir del momento en que el secretario del tribunal expide el emplazamiento. Ello, se ha resuelto, representa una responsabilidad dual. Por un lado, el deber ministerial del secretario del tribunal de instancia de expedir el emplazamiento, y por otro, de la parte interesada en que se expidan. De este modo no puede el demandante cruzarse de brazos cuando es su deber gestionar la comparecencia de la parte demandada y asegurar la jurisdicción del tribunal sobre dicha parte. Véase, Bco. Des. Econ. v. AMC Surgery, 157 D.P.R. 150 (2002).
Del texto de la Regla 4.3(b) surge que sólo se concederá prórroga para diligenciar un emplazamiento cuando medie justa causa y la misma se solicite dentro del plazo original de los seis meses. Transcurrido dicho plazo original o su prórroga sin haberse diligenciado el emplazamiento, se tendrá a la parte demandante por desistida con perjuicio. Sin embargo, de la jurisprudencia del Tribunal Supremo se desprende la marcada tendencia de flexibilizar el tenor literal de la Regla. De este modo, se ha permitido a los demandantes solicitar prórroga aun fuera del término establecido, siempre y cuando medie justa causa y, en así apreciarlo, el tribunal no abuse de su discreción, de manera que no se penalice a los demandantes con la severa sanción del desistimiento con perjuicio de la demanda. López v. Porrata-Doria, 140 D.P.R. 96 (1996); First Bank of P.R. v. Inmob. Nac., Inc., 144 D.P.R. 901 (1998); Pietri González v. Tribunal Superior, 117 D.P.R. 638 (1986); Banco Metropolitano de Bayamón v. Berríos Marcano, supra. Véase, además, la Opinión de Conformidad de la Hon. Miriam Naveira Merly, en Rosado Vda. de Rivera v. Rivera et al., (Sentencia), 155 D.P.R. 17 (2001).
Desde Banco Metropolitano de Bayamón v. Berrios Marcano, supra, se resolvió que en su misión de hacer justicia, la discreción es el más poderoso instrumento reservado a los jueces. Por ello, el uso de la discreción es decisivo al prorrogar el término a que se refiere la Regla 4.3(b) de Procedimiento Civil. In re: Fernández Torres, 122 D.P.R. 859 (1988); Ortalaza v. F.S.E., 116 D.P.R. 700 (1985); Lugo v. Municipio de Bayamón, 111 D.P.R. 679 (1981). También existe discreción judicial para determinar lo que constituye justa causa o negligencia excusable conforme a la Regla 68.2 de Procedimiento Civil a la luz del momento procesal en que se suscite la cuestión. [3] “La expiración del término de seis meses no tiene el efecto de caducidad de la citación, ni de nulidad, ni mucho menos afecta la jurisdicción del tribunal”. Banco Metropolitano de Bayamón, supra\ la pág. 725. [4]
Claro está, la discreción de los tribunales al prorrogar el término del diligenciamiento al amparo de la Regla 68.2 “no se ejercita en el vacío, ni tampoco de modo arbitrario; debe siempre haber razón bien fundada que *607 mueva la conciencia judicial hacia ese remedio. ” Monell v. Municipio de Carolina, supra, a la pág. 26.
Al tenor del marco doctrinal antes enunciado, el promovente de una solicitud de prórroga viene obligado a justificar con referencia a hechos y circunstancias la razón o motivo para haber dejado transcurrir los términos de la Regla 4.3(b) de Procedimiento Civil. Su.moción debe “exponer de modo afirmativo y con especificación la razón determinante de justa causa para ampliar el término-yer vencido, sobre la cual pueda operar la discreción judicial, razón que debe estar vinculada al valor de justicia que impregna la reclamación del promovente”. Lugo Rodríguez v. Municipio de Bayamón, 111 D.P.R. 679 (1981); Monell v. Municipio de Carolina, supra. First Bank of P.R. v. Inmob. Nac., Inc., supra, pág. 915 (1998); Banco Metropolitano v. Berríos, supra, a la pág. 725. •
En el ámbito del desempeño judicial, la discreción “no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho”. Pueblo v. Sánchez González, 90 D.P.R. 197 (1964). Más bien, se ha entendido en nuestro ordenamiento jurídico que “la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión Justiciera”. Banco Popular de P.R. v. Municipio de Aguadilla, 144 D.P.R. 651 (1997); Pueblo v. Ortega Santiago, 125 D.P.R. 203 (1990); Pueblo v. Sánchez González; supra, pág. 200.
La atemperación judicial de los términos de la Regla 4.3(b) es cónsona con la firme política judicial de que los casos sean resueltos en los méritos. “El deber esencial de los tribunales, a fin de cuentas, es interpretar la ley para impartir justicia.” Coll v. Picó, 82 D.P.R. 27 (1960). Además, en Millán v. Caribe Motors Corp., 83 D.P.R. 494 (1961), se señaló que “la justicia no puede frustrarse en nombre de reglas que se originaron con el propósito de facilitar su administración. ” Por ejemplo, en León v. Rest. El Tropical, 154 D.P.R. 249 (2001), el Tribunal Supremo reiteró lo expresado en Serra v. Autoridad de Transporte, 68 D.P.R. 626 (1948), a los fines de enfatizar que el deber judicial es “impartir justicia y no dejarnos llevar por tecnicismos”. De este modo, se expresó en dicho último caso:
“Creemos que ya es tiempo de que los litigantes se den cuenta de que este Tribunal hará todo lo que esté a su alcance para que los casos sean resueltos en sus méritos y no por sutilezas legales de alegaciones y procedimientos... Hace tiempo que los tribunales han abandonado la teoría de que impartir justicia constituye un juego. Los litigantes deben hacer lo mismo. Ninguna parte en un procedimiento tiene un interés adquirido en los errores gramaticales y de procedimiento incurridos por su adversario. ” Serra v. Autoridad de Transporte, supra, a la pág. 629.
En Doral Mortgage Corp. v. González, (Sentencia) 158 D.P.R. 311 (2003), se cuestionó la validez del emplazamiento a la sociedad de bienes gananciales por conducto de uno de los codemandados, luego de transcurrido el plazo de seis meses que dispone la Regla 4.3(b) de Procedimiento Civil. Instancia dio por desistida la demanda con perjuicio respecto a la sociedad de gananciales y el foro apelativo confirmó. Al revocar, el Tribunal Supremo expresó que: “...salvo que retornemos a la nefasta y tan criticada era del rigorismo formalista procesal, el emplazamiento en el caso ante nuestra consideración fue suficiente para que quedara emplazada la sociedad de bienes gananciales compuesta por los codemandados... ”. Id., a la pág. 362.
La sanción de desistimiento con perjuicio ordenada en la Regla 4.3(b) de Procedimiento Civil para la falta de diligencia en el diligenciamiento del emplazamiento “está predicada sobre la discreción del tribunal en la estimación de justa causa. ” Banco Metropolitano de Bayamón, supra, a la pág. 725. Véase además, First Bank of P.R. v. Inmób. Nac., Inc., supra, a la pág. 914. Se ha dicho que “la Regla 4.3(b) es un desarrollo paralelo de la 39.2 (b) [5] sobre desestimación del pleito por inactividad, y ambas tienen el mismo propósito de acelerar la litigación y despejar los calendarios, operando la primera en la temprana etapa del pleito. Sufriría el justo equilibrio procesal, de negar [sic] a la parte que no pudo diligenciar el emplazamiento en el término original de seis meses, la oportunidad de ser oído e invocar la discreción del juez con demostración de justa causa que *608 la Regla 39.2 ordena para los casos en que no hubiere trámite durante los últimos seis meses. ” Banco Metropolitano de Bayamón v. Berrios Marcano, supra a la pág. 724. Existe, además, jurisprudencia interpretativa sobre la Regla 39.2 de Procedimiento Civil que claramente advierte que la desestimación de una demanda debe utilizarse como último recurso y sólo en casos extremos. Amaro González v. First Federal Savings Bank, 132 D.P.R. 1042 (1993).
Recientemente, en Banco Popular v. S.L.G. Negrón, 164 D.P.R. 855 (2005), el Tribunal Supremo resolvió que por ser la desestimación de la demanda con perjuicio la sanción más drástica que puede imponer el tribunal ante la dilación de un caso, se debe recurrir a ella en casos extremos. De este modo, indicó que siempre se deberá procurar un balance entre el interés de promover la tramitación rápida de los casos y la arraigada política pública de que los casos sean resueltos en los méritos. Al destacar que la desestimación de la demanda al amparo de la Regla 4.3(b) de Procedimiento Civil es con perjuicio, el Tribunal Supremo la caracterizó como una de naturaleza drástica, porque procede en casos extremos. Se infiere de tales expresiones que siendo la desestimación la sanción más drástica para un reclamante, se debe tratar la desestimación de la Regla 4.3(b) de Procedimiento Civil en idéntica forma que aquélla que dispone la Regla 39.2(b) de Procedimiento Civil. Por tanto, el apercibimiento previo de la parte demandante al respecto debe ser extendido a la Regla 4.3(b). Ante tal análisis somos del criterio que antes de que un tribunal desestime una demanda al amparo de la Regla 4.3(b) de Procedimiento Civil, se le debe imponer sanciones al abogado de la parte y hacerle a éste el apercibimiento de rigor.
Cónsono con lo anterior, ha sido ampliamente resuelto que el foro apelativo no ha de intervenir con las facultades discrecionales concedidas a los tribunales de instancia, salvo demostración de que medió prejuicio o parcialidad en la determinación, que el juzgador incurrió en un craso abuso de dicha discreción, y/o que se equivocó en la aplicación del derecho pertinente. Rivera y otros v. Bco. Popular, 152 D.P.R. 140 (2000). De todo lo anterior, el criterio rector lo será la razonabilidad en el ejercicio de discreción. Id.
Es norma reiterada por nuestro Tribunal Supremo desde hace cuatro décadas que la drástica sanción de la desestimación sólo procede cuando otras sanciones hayan resultado ser ineficaces y haya quedado inequivocamente demostrada la desatención y el abandono total de la parte con interés. Ramírez de Arellano v. Srio. de Hacienda, 85 D.P.R. 823 (1962); Maldonado v. Recursos Naturales, 113 D.P.R. 494 (1982).
De este modo, resulta evidente que la imposición de sanciones exige un delicado balance entre la obligación de los tribunales de velar porque los casos se ventilen con celeridad y el derecho de las partes a tener su día en corte. Amaro González v. First Federal Savings Bank, supra; Mercado del Valle v. Panthers Military Academy, 125 D.P.R. 98 (1990). Al contraponerse estos dos principios fundamentales de nuestro ordenamiento procesal civil, los tribunales deben inclinar la balanza a favor del derecho de todo litigante a que sus alegaciones se ventilen en sus méritos, puesto que la primordial razón de ser de nuestro esquema adjudicativo es hacer justicia. Maldonado v. Recursos Naturales, supra; Arce v. Club Gallístico de San Juan, 105 D.P.R. 305 (1976).
B
Por otro lado, el auto de certiorari, 32 L.P.R.A. see. 3491 et seq., es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. Pueblo v. Colón Mendoza, 149 D.P.R. 630 (1999). Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de certiorari de manera discrecional. Esta discreción, en nuestro ordenamiento jurídico, ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. No significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. Negrón v. Srio. de Justicia, 154 D.P.R. 79 (2001).
Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender *609 o no en los méritos de los asuntos que nos son planteados mediante el recurso de certiorari, la Regla 40 del Reglamento de este Tribunal, promulgado por el Tribunal Supremo el 20 de julio de 2004, señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de certiorari. La referida regla dispone lo siguiente:

“El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.” 4 L.P.R.A. Ap. XXII-B, R. 40. (Supl. 2006).
Finalmente, en cuanto a la denegatoria de un auto de certiorari por un tribunal de apelaciones, nuestro Tribunal Supremo ha destacado que dicha acción no prejuzga los méritos del caso o la cuestión planteada, pudiendo ello ser reproducido nuevamente mediante el correspondiente recurso de apelación. García v. Padró, supra; Núñez Borges v. Pauneto Rivera, 130 D.P.R. 749, 755-756 (1992). De esta forma, la parte afectada por la decisión que finalmente tome el tribunal de primera instancia, no queda privada de la oportunidad de hacer ante el foro apelativo los planteamientos que entienda procedentes una vez se resuelva en el foro primario el pleito. Id.
Los peticionarios alegan que el TPI erró al no declarar nulos los emplazamientos en su contra, ya que la recurrida los diligenció luego de transcurrido el término de seis (6) meses dispuesto en la Regla 4.3(b), supra, sin mostrar justa causa que lo justificara. Aducen que tales emplazamientos son nulos, pues el TPI concedió la prórroga para diligenciarlos sin contar con una justa causa por la demora.
Por su parte, la Sra. Montes arguye que el TPI tiene amplia discreción para autorizar tales prórrogas. Además, indica que cumplió con la Regla 4.3(b), supra, pues solicitó la prórroga antes de vencer el término de los seis (6) meses.
Según la Moción Solicitando T[é]rmino Adicional para Diligenciar Emplazamiento, [6] el 3 de octubre de 2007, el TPI emitió los correspondientes emplazamientos. No obstante, el 25 de marzo de 2008, la recurrida le solicitó al TPI una prórroga de 45 días para diligenciar los mismos. En tal solicitud explicó que: “a pesar de los esfuerzos realizados, no hemos logrado emplazar a los codemandados por tratarse de individuos [7] Ante tal petición, el TPI le concedió la prórroga solicitada para efectuar los emplazamientos.
*610 Como mencionáramos, la Regla 4.3 (b) impone un término de seis (6) meses para diligenciar los emplazamientos. No obstante, permite que dicho término sea prorrogado a discreción del tribunal. Impone como requisitos que el demandante solicite la prórroga dentro del término original y demuestre justa causa.
No cabe duda de que la recurrida cumplió con el primer requisito, ya que solicitó la prórroga dentro del término de los seis (6) meses dispuesto en la mencionada Regla. En cuanto a la demostración de justa causa, surge del expediente que la recurrida le informó al TPI que su solicitud se debía a que a pesar de las gestiones realizadas no había logrado emplazar a los codemandados. El TPI, en virtud de la discreción que le otorga la Regla 4.3 (b), optó por prorrogar el término para emplazar a los peticionarios.
Somos del criterio que la determinación del TPI en prorrogar el término para diligenciar los aludidos emplazamientos no fue irrazonable o arbitraria, ya que propició darle curso a la causa de acción incoada por la recurrida. Además, este Tribunal no debe intervenir con la discreción concedida al TPI para prorrogar el término para emplazar, y así, a base de su misma discreción determinar lo que constituye justa causa. Por tratarse de un asunto discrecional le debemos deferencia a tal determinación.
Al tenor de lo dicho, procede que deneguemos el auto de certiorari solicitado, pues los peticionarios no nos han colocado en posición de concluir que el TPI actuara con prejuicio, parcialidad o error craso. Por el contrario, al permitir los emplazamientos, el TPI actuó conforme a la política judicial de que los casos se atiendan y resuelvan en los méritos.
IV
Por los fundamentos antes expuestos, se deniega el auto de certiorari solicitado.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.
María Elena Pérez Ortiz Secretaria del Tribunal de Apelaciones
ESCOLIOS 2009 DTA 3

1. El escrito Oposición a Extensión del Término para Emplazar tiene como fecha el 17 de abril de 2008.

2. Comentarios del Secretariado de la Conferencia Judicial, 32 L.P.R.A. Ap. III, Regla 4.3.

3. La Regla 68.2 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 68.2, reza: “Cuando por estas reglas o por una notificación dada en virtud de sus disposiciones, o por una orden del tribunal se requiera o permita la realización de un acto en o dentro de un plazo especificado, el tribunal podrá, por justa causa, en cualquier momento y en el ejercicio de su discreción: (1) previa moción o notificación o sin ellas, ordenar que se prorrogue o acorte el término si así se solicitare antes de expirar el término originalmente prescrito o según prorrogado por orden anterior, o (2) a virtud de moción presentada después de haber expirado el plazo especificado, permitir que el acto se realice si la omisión se debió a negligencia excusable... ”.

4. La doctrina pautada en Banco Metropolitano v. Berrios, supra, ha sido un tanto erosionada en virtud de la interpretación literal de la Regla 4.3(b) de Procedimiento Civil en Reyes v. ELA, et al, 155 D.P.R. 799 (2001). No obstante, véase la opinión disidente de la Hon. Miriam Naveira Merly en dicho caso y casos más reciente como Global v. Salaam, supra.

5. La Regla 39.2(b) de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 39.2, dispone: “el juez administrador ordenará la desestimación y archivo de todos los asuntos civiles pendientes en los cuales no se hubiere efectuado trámite alguno por cualquiera de las partes durante los últimos seis meses, a menos que tal inactividad se le justifique oportunamente. Mociones sobre suspensión o transferencia de vista o de prórroga no serán consideradas como un trámite a los fines de esta regla. ”

6. Apéndice del recurso, págs. 4-5.

7. Apéndice del recurso, pág. 4.