HILTON RIVIERA CORPORATION, peticionaria, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE BAYAMÓN, HON. AGUSTÍN MANGUAL HERNÁNDEZ, JUEZ, demandado; JULIA RIVERA DE VINCENTI, ETC., interventora.

*Número:* O-74-16          *Resuelto:* 7 de mayo de 1974

*Lespier & Toro* y *Tristán Reyes Gilestra,* abogados de la peticionaria; *Mario Zayas Carlo* y *Angel Alfonso Colón,* abogados de la interventora.

PER CURIAM: El querellante, en una demanda sobre reclamación de salarios, ofreció contestaciones a las preguntas 6 y 12 que la querellada, aquí peticionaria, encuentra que no son responsivas.

El interrogatorio número 6 lee como sigue:

"Con relación a las alegaciones que hace en la Querella diga si usted tiene récords o constancias de clase alguna que indiquen las horas y fechas que alega trabajó para la compareciente. Si su contestación es en la afirmativa adjunte copia de dicho récord."

A dicho interrogatorio el querellante respondió:

"La parte querellada recibió copia de la Forma #106 indicando las horas alegadamente trabajadas."

El interrogatorio número 12 lee como sigue:

"Diga todos los hechos conocidos por usted con relación a las alegaciones que usted hace en la querella."

A dicho interrogatorio el querellante respondió:

"Los hechos están totalmente expuestos en la querella y en la forma 106, que le fue entregada a la querellada."

El tribunal de instancia sostuvo las objeciones del querellante, por lo que la querellada recurre ante nos solicitando que se ordene al querellante contestar ambos con mayor precisión.

En 8 de febrero de 1974 expedimos una orden para mostrar causa, dirigida al querellante, por la cual no debía expedirse el auto solicitado y ordenársele que contestara los interrogatorios 6 y 12 sometidos por la querellada (nos referimos en la orden al interrogatorio número 11 cuando debió ser el 12). El querellante compareció por escrito para oponerse a la expedición del auto. No nos han convencido sus planteamientos.

El interrogatorio número 6 persigue descubrir un hecho sencillo, esto es, si el querellante tiene alguna clase de apuntes de donde surjan las horas y fechas en que alegadamente trabajó el querellante y que son objeto de la reclamación. Si la contestación fuere en la negativa el querellante debe expresarlo; si en la afirmativa, debe suministrar copia de dichos apuntes a la querellada. El período de 18 meses cubierto por la querella no es de tan larga duración que resulte oneroso para el querellante proveer copia del mismo; pero si lo fuere puede poner la información a la disposición de la querellada para ser examinada o copiada por ésta.

El interrogatorio 12, por el contrario, resulta ser muy amplio, por lo que debe precisarse la información requerida. Estimamos razonable, sin embargo, el que el querellante explique las razones o circunstancias que motivaron el que su jornada de trabajo se extendiera a horas en exceso de la jornada regular y las que le obligaron a reducir o consumir su período destinado a tomar alimentos durante el tiempo cubierto por la querella. Nada más justo que la querellada sepa con antelación al juicio el contenido del testimonio que se propone ofrecer el querellante al respecto a los fines de que aquella no esté sujeta a sorpresa en el momento del juicio. La información que autorizamos envuelve precisamente la médula de la querella.

*Se expedirá el auto solicitado, se revocará la resolución dictada por el Tribunal Superior, Sala de Bayamón, en 17 de octubre de 1973 en el caso civil 72–1811, en tanto y en cuanto*

*declara sin lugar la solicitud de la querellada para que se contesten los interrogatorios números 6 y 12 sometidos por la querellada, y se ordenará al querellante a contestar dichos interrogatorios números 6 y 12 conforme lo dispone esta opinión.*