La Administración de Reglamentos y Permisos, representada por su Administrador, Ing. Edmundo Colón Arizmendi, demandante y recurrente, *v.* Violeta Chang Louk, demandada y recurrida.

*Número:* R-82-266     *Resuelto:* 8 de octubre de 1982

*Rebecca Santiago Méndez,* abogada de la recurrente; *Héctor A. Carballo,* abogado de la recurrida.

PER CURIAM: El 11 de julio de 1978, la Administración de Reglamentos y Permisos ("ARPE") determinó que la recurrida había instalado en las afueras de su negocio un rótulo que incumplía la reglamentación vigente. El propio día se le notificó a la recurrida de la violación al Reglamento de Zonificación. Se le invitó a visitar las oficinas de

ARPE para discutir la instalación sin permiso del rótulo y orientarla sobre cómo corregir la infracción.

Al no tomar la infractora acción correctiva, a pesar de repetidas advertencias, ARPE acudió al Tribunal Superior en solicitud del auto de entredicho correspondiente. El tribunal desestimó la demanda el 4 de mayo de 1982 por considerar que no se había ordenado a la demandada quitar el rótulo o instalarlo conforme a los reglamentos; por no haber contestado ARPE una pregunta en un interrogatorio, y por habérsele dado a la demandada un trato desigual, ya que la prueba demostró que muchas otras personas y entidades habían instalado rótulos en violación de la ley y ARPE no había actuado contra ellas.

ARPE vino en alzada ante nosotros. El 30 de junio de 1982 dictamos orden de mostrar causa por la cual no debe revocarse la sentencia dictada.

El récord revela claramente que la recurrida fue notificada de que había instalado el rótulo sin permiso; que se colocó en violación a lo dispuesto en la Sec. 49.02 del Reglamento de Zonificación, la cual requiere y así se indica en la comunicación, que los rótulos se fijen adosados a la pared delantera del local al que han de servir y paralelos a · la vía, y que, de no acudir la recurrida dentro de cierto plazo a las oficinas de ARPE se procedería a actuar conforme a la ley (comunicación de 11 de julio de 1978). El 20 de octubre de 1978 se le volvió a explicar por escrito a la recurrida, quien también había visitado antes la oficina de ARPE para discutir el asunto, la naturaleza de las violaciones envueltas. Se le concedió en esa ocasión a la recurrida un término de treinta días para eliminar el rótulo o instalarlo de acuerdo al Reglamento (comunicación de 20 de octubre de 1978). Erró el tribunal de instancia al desestimar la demanda, con tal prueba ante su consideración, por no habérsele ordenado supuestamente a la recurrida quitar el rótulo.

■ Se cometió error también al desestimar la demanda por no haber contestado ARPE una pregunta en un interrogatorio. La pregunta era al efecto de requerir "copia de cualquier orientación o información que [ARPE] hiciere llegar a la Sra. Violeta Chang en relación al rótulo de su negocio". Esta información estaba claramente en posesión de la recurrida, según surge del récord (véase el anejo X a la solicitud de revisión). La omisión de contestar esta pregunta no puede servir de base para una sanción de tal severidad como la impuesta. Los interrogatorios deben cumplir criterios de razonabilidad. *Hilton Riviera Corp.* v. *Tribunal Superior*, 102 D.P.R. 233 (1974).

■ El debido cumplimiento de la reglamentación concerniente a la instalación de rótulos en Puerto Rico es asunto revestido de particular interés público. Pleitos como el presente exigen pronto trámite. *Cervecería Corona, Inc.* v. *Srio. Obras Públicas*, 97 D.P.R. 44 (1969). Por la naturaleza usualmente sencilla de la prueba —¿se obtuvo o no el debido permiso? ¿tenía que obtenerse? ¿se violó algún derecho sustancial del ciudadano?— estos casos son especialmente susceptibles de inmediata solución por la vía sumaria. En respuesta a la solicitud correspondiente, debe supervisarse el uso de los mecanismos para el descubrimiento de prueba a fin de evitar dilaciones innecesarias y emitir las órdenes protectoras que sean aconsejables. Regla 23.2 de las de Procedimiento Civil.

■ El tercer error también fue cometido. En ausencia de prueba de un patrón de evidente discrimen y abuso patente de discreción, una persona o entidad no puede justificar su violación de la ley sobre la base de que no se ha perseguido a otros infractores. *United States* v. *Nixon*, 418 U.S. 683, 693 (1974); *Two Guys* v. *McGinley*, 366 U.S. 582, 588–89 (1961); *Moog Industries, Inc.* v. *F.T.C.*, 355 U.S. 411, 414 (1958); *Del Rey* v. *J.A.C.L.*, 107 D.P.R. 348 (1978); K. C. Davis, *Administrative Law Treatise*, 2da ed., San Diego, California, K. C. Davis Pub. Co., 1979, Vol. 2, sec. 9:7, págs.

248–256; E. C. Yokley, *Zoning Law and Practice*, 3ra ed., Charlottesville, Virginia, The Michie Co. Law Pub., 1965, Vol. 1, sec. 10–8, págs. 446–455.

En consideración a lo expuesto, *se expedirá el auto y se revocará la sentencia recurrida.*