# 2006 DTA 65

**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE PONCE**
**PANEL X**

GOBIERNO MUNICIPAL AUTÓNOMO DE PONCE
Recurrido

v.

LUIS OLIVERA QUINTANA, FULANA DE TAL Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; HÉCTOR IVÁN OLIVERAS QUINTANA, FULANA DE TAL Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS, ELEONOR IRIGOYEN; ÁNGEL G. VEGA ÁLVAREZ
Peticionarios

AUTORIDAD DE ENERGÍA ELÉCTRICA
Demandado Co-parte

Núm. KLCE-06-00342

San Juan, Puerto Rico, a 31 de marzo de 2006

Panel integrado por su Presidente, el Juez Brau Ramírez, el Juez Colón Birriel y la Juez Hernández Torres

Brau Ramírez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

### I

Se trata de un procedimiento especial de *injunction* bajo el Artículo 28 de la Ley Orgánica de la Administración de Reglamentos y Permisos, 23 L.P.R.A. sec. 72, instado por la parte recurrida, el Municipio de Ponce, conforme a las facultades que le fueron transferidas a los municipios de nuestra jurisdicción por el Artículo 13.017 de la Ley de Municipios Autónomos, 21 L.P.R.A. sec. 4615.

La demanda fue instada por el Municipio ante el Tribunal de Primera Instancia, Sala Superior de Ponce, en abril de 2001.

El Municipio alega que el peticionario, Héctor Olivera Quintana, es el titular de una propiedad residencial ubicada frente a la Carretera Estatal Núm. 132, en la Urbanización Jardines del Caribe en Ponce. La estructura es poseída por el peticionario, Luis Olivera Quintana, quien, presumiblemente, es hermano de Héctor Olivera Quintana.

El Municipio también alega que, sin contar con los permisos necesarios, el peticionario construyó un anexo a la casa consistente de cuatro locales comerciales, los cuales había arrendado a terceros. A la fecha de la presentación de la demanda, los locales se dedicaban a operar negocios de "*gift shop*", taller de electrónica, estudio de tatuajes y "*school supply*", aunque este último había cerrado.

En su demanda, el Municipio alegó que los locales carecían de los permisos de construcción y de uso correspondientes. El Municipio señaló que la parte peticionaria no podía obtener los permisos debido a que el anexo se había construido sobre terrenos que estaban afectados por una servidumbre para el paso de líneas eléctricas y a que la Autoridad de Energía Eléctrica se oponía a que el Municipio autorizara la construcción, a menos que la parte peticionaria le pagara por la remoción de las líneas.

El Municipio expuso que había requerido a la parte peticionaria que desistiera de operar los negocios y que ésta se había comprometido a reubicarlos, lo que no había cumplido.

El Municipio solicitó al Tribunal que se emitiera un *injunction* contra la parte peticionaria y se le ordenara remover el anexo.

La demanda inicial fue dirigida contra el peticionario Luis Olivera Quintana.

La parte peticionaria se opuso a la demanda del Municipio. Dicha parte alegó que la Autoridad de Energía Eléctrica había movido sus líneas luego del Huracán Georges y había invadido el terreno que pertenecía a los peticionarios.

En febrero de 2002, el Municipio enmendó sus alegaciones para incluir como parte demandada al peticionario Héctor Olivera Quintana, así como a los titulares de los negocios, Ángel Vega Álvarez, Luis Olivera y Diosamarilis Rodríguez. También se incluyó a la Autoridad de Energía Eléctrica como parte con interés en el litigio.

Luego de otros trámites, los titulares de los tres negocios informaron que habían dejado de operar y que habían desalojado los locales. El 9 de junio de 2003, el Tribunal de Primera Instancia emitió una sentencia

parcial ordenando el desistimiento sin perjuicio de la demanda contra dichas partes.

En febrero de 2004, los peticionarios presentaron una demanda contra coparte contra la Autoridad de Energía Eléctrica. Alegaron que la agencia había invadido la propiedad de los peticionarios y que la servidumbre de líneas eléctricas que mantenía sobre el predio era ilegal.

La Autoridad de Energía Eléctrica contestó la demanda contra coparte y negó las alegaciones. Presentó, además, una reconvención contra los peticionarios en la que insistió en que gozaba de una servidumbre sobre la propiedad y alegó que el anexo construido por los peticionarios interfería con este derecho.

Luego de otros trámites, la Autoridad de Energía Eléctrica y los peticionarios se cursaron descubrimiento de prueba que fue contestado por cada parte. En marzo de 2005, los peticionarios también enviaron al Municipio un requerimiento de admisiones y solicitud de producción de documentos.

En este escrito, los peticionarios, entre otras cosas, solicitaron al Municipio que admitiera que no se habían agotado los remedios administrativos y que las líneas eléctricas de la Autoridad también atravesaban otras propiedades en el área contra las cuales el Municipio no había intervenido. Los peticionarios también solicitaron al Municipio que produjera la evidencia documental y testifical que se proponía a utilizar.

El Municipio se opuso a contestar el requerimiento de admisiones, interrogatorio y producción de documentos sometido por los peticionarios. Alegó que este descubrimiento resultaba improcedente en vista de la naturaleza sumaria del procedimiento. El Municipio solicitó al Tribunal una orden protectora para que se le eximiera de contestar.

Luego de otros trámites, el 7 de febrero de 2006, el Tribunal de Primera Instancia celebró la conferencia preliminar al juicio del caso. Los peticionarios alegan que, en esa ocasión, ellos le solicitaron un término de 30 días al Tribunal para anunciar su prueba pericial en el caso. La minuta refleja que el Tribunal señaló la vista en su fondo para el 31 de julio de 2006, y ordenó la paralización del descubrimiento de prueba en el caso. El Tribunal dispuso que cualquier controversia adicional se discutiría el día del juicio.

Los peticionarios presentaron una moción de reconsideración en la que solicitaron al Tribunal que les permitiera enmendar su informe para anunciar su prueba pericial y que se le ordenara al Municipio contestar el descubrimiento de prueba presentado.

Mediante resolución emitida el 10 de marzo de 2006, el Tribunal de Primera Instancia denegó esta moción.

Insatisfechos, los peticionarios acudieron ante este Tribunal.

Mediante resolución emitida por este Tribunal, el 17 de marzo de 2006, acogimos el recurso y concedimos término a la parte recurrida para que mostrara causa por la cual no debíamos expedir el auto solicitado y revocar la resolución recurrida.

Los recurridos han comparecido por escrito. Procedemos según lo intimado.

## II

En su recurso, los peticionarios plantean que el Tribunal de Primera Instancia erró al no ordenarle al Municipio que contestara su solicitud de descubrimiento de prueba, la cual había sido presentada un año antes, y al no permitirle su prueba pericial.

La norma general, según se conoce, es que toda parte en una litigación tiene derecho a obtener antes del

juicio toda la información que esté en posesión de cualquier persona y que resulte pertinente a la adjudicación de la controversia. *Rivera y otros v. Bco. Popular*, 152 D.P.R. 140, 152 (2000); véase, además, J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, **Publicaciones J.T.S.**, 2000, Tomo I, pág. 468.

El Tribunal Supremo de Puerto Rico ha aclarado que, toda vez que en sus alegaciones una parte sólo viene obligada a notificar a grandes rasgos cuáles son sus reclamaciones, el descubrimiento de prueba en el campo civil debe ser amplio y liberal, de forma que las partes puedan precisar con exactitud los hechos en controversia. *Alfonso Brú v. Trane Export, Inc.,* 155 D.P.R. ___ (2001), **2001 J.T.S. 132**, a la pág. 139; *Rivera y otros v. Bco. Popular*, 152 D.P.R. a la pág. 152.

La Regla 23.1(a) de las de Procedimiento Civil establece, en este sentido, que las partes pueden hacer descubrimiento sobre *"cualquier materia, no privilegiada, que sea pertinente al asunto en controversia."* El precepto añade que *"[n]o constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible."* 32 L.P.R.A. Ap. III, R. 23.1(a).

Las únicas limitaciones a este proceso son que la materia objeto del descubrimiento no sea privilegiada y que sea pertinente al asunto en controversia en el pleito. Véanse, *E.L.A. v. Casta Dev. S.E.,* 162 D.P.R. ___ (2004), **2004 J.T.S. 82**, a la pág. 1,049; *Alvarado v. Alemany*, 157 D.P.R. ___ (2002), **2002 J.T.S. 98**, a la pág. 1,366; *Medina v. M.S. & D. Química P.R., Inc.,* 135 D.P.R. 716, 730-731 (1994).

Los privilegios aludidos se refieren a aquellos reconocidos por las reglas de evidencia. Véanse, *E.L.A. v. Casta Dev. S.E.,* **2004 J.T.S. 82**, a la pág. 1,049; *Rivera Alejandro v. Algarín*, 112 D.P.R. 830, 833 (1982); *Ward v. Tribunal Superior*, 101 D.P.R. 865, 866 (1974); *Sierra v. Tribunal Superior*, 81 D.P.R. 554, 572 (1959).

El criterio para determinar la pertinencia, por su parte, es más amplio que el empleado para la admisión de alguna materia en el juicio. Véanse, *E.L.A. v. Casta Dev. S.E.,* **2004 J.T.S. 82**, a la pág. 1,049; *Rivera y otros v. Bco. Popular*, 152 D.P.R. a la pág. 153; *Ortiz Rivera v. E.L.A., National Ins. Co.,* 125 D.P.R. 65, 70 (1989); *General Electric v. Concessionaries, Inc.,* 118 D.P.R. 32, 40 (1986).

Se admite el descubrimiento de todos los asuntos que puedan tener cualquier relación posible con la materia que es objeto del pleito, aunque no estén conectados con las controversias específicas que han sido esbozadas por las alegaciones. *Sierra v. Tribunal Superior*, 81 D.P.R. a la pág. 573. Basta que exista una posibilidad razonable de relación con el asunto en controversia. Véase, *Medina v. M.S. & D. Química P.R., Inc.,* 135 D.P.R. a las págs. 730-731.

Los mecanismos de descubrimiento de prueba incluyen el uso de interrogatorios, bajo la Regla 30 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 30; *Aponte Rivera v. Sears Roebuck de P.R., Inc.,* 129 D.P.R. 1042, 1050 (1992); *Sierra v. Tribunal Superior*, 81 D.P.R. a las págs. 561-562; y de solicitudes para la producción de documentos, bajo la Regla 31, 32 L.P.R.A. Ap. III, R. 31; *Rodríguez y otros v. Syntex, Inc.,* 160 D.P.R. ___ (2003), **2003 J.T.S. 145**, a las págs. 157-158; *Alfonso Brú v. Trane Export, Inc.,* **2001 J.T.S. 132**, a la pág. 142; *Ward v. Tribunal*, 101 D.P.R. 865, 869-870 (1973).

La Regla 33 de las de Procedimiento Civil también autoriza la utilización de requerimientos de admisiones, 32 L.P.R.A. Ap. III, R. 33; *Audiovisual Lang. v. Sis. Est. Natal Hnos.,* 144 D.P.R. 563, 574 (1997); *Menéndez García v. Tribunal Superior,* 101 D.P.R. 667, 668-669 (1973).

Aunque no constituyen estrictamente un mecanismo de descubrimiento de prueba, el Tribunal Supremo de Puerto Rico ha aclarado que los requerimientos de admisiones sirven para definir las controversias del caso y proporcionar un cuadro más claro sobre éstas, lo que aligera los procedimientos. *Audiovisual Lang. v. Sis. Est.*

*Natal Hnos.,* 144 D.P.R. a la pág. 574; *Pérez Cruz v. Fernández,* 101 D.P.R. 365, 373 (1973); *Rosado v. Tribunal Superior,* 94 D.P.R. 122, 132-133 (1967); véase, además, J. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* San Juan, **Publicaciones JTS**, 2000, Tomo I, pág. 566.

Las Reglas de Procedimiento Civil dejan en manos de los abogados el trámite de descubrimiento de prueba, para fomentar una mayor flexibilidad y minimizar la intervención del tribunal en esta etapa. *Rivera y otros v. Bco. Popular,* 152 D.P.R. a la pág. 153.

Ello no implica que el tribunal no pueda intervenir en casos apropiados para evitar abuso en el proceso y para reglamentar el trámite ordenado del caso. *Rodríguez y otros v. Syntex, Inc.,* **2003 J.T.S. 145,** a la pág. 157; *Chévere v. Levis,* 150 D.P.R. 525, 545 (2000); *Amaro González v. First Fed. Savs.,* 132 D.P.R. 1042, 1054 (1993); *Vellón v. Squibb,* 117 D.P.R. 838, 850 (1986); *Lluch v. España Service Sta.,* 117 D.P.R. 729, 743-744 (1986).

La Regla 23.2 de las de Procedimiento Civil, en este sentido, concede al tribunal la facultad de emitir, por justa causa, órdenes protectoras para proteger a las partes de hostigamiento, perturbación u opresión, así como de cualquier gasto o molestia indebida en el empleo de los mecanismos de descubrimiento de prueba. 32 L.P.R.A. Ap. III, R. 23.2; *Vicenti v. Saldaña,* 157 D.P.R. ___ (2002), **2002 J.T.S. 72,** a la pág. 1,172; *Alfonso Brú v. Trane Export, Inc.,* **2001 J.T.S. 132,** a las págs. 139-140; *Chévere v. Levis,* 150 D.P.R. a la pág. 545; *General Electric v. Concessionaires, Inc.,* 118 D.P.R. a las págs. 39-40; *Ortiz Rivera v. E.L.A., National Ins. Co.,* 125 D.P.R. a las págs. 70-73.

En la situación de autos, el Municipio de Ponce plantea que, por la naturaleza especial del procedimiento, resulta improcedente la utilización de los mecanismos de prueba por parte de los peticionarios.

En efecto, el Artículo 28 de la Ley Orgánica de A.R.P.E., Ley Núm. 76, de 24 de junio de 1975, según enmendada, autoriza al Administrador de A.R.P.E., al Secretario de Justicia o a *"cualquier propietario u ocupante de una propiedad vecina, que resultare o pudiera resultar especialmente perjudicado por cualesquiera de dichas violaciones",* a entablar, entre otros, recursos de interdicto, *"o cualquier otra acción adecuada"* para impedir o prohibir cualquier uso o hecho mantenido en violación a la Ley Orgánica de A.R.P.E." *o de cualesquiera reglamentos adoptados conforme a la ley y cuya estructuración le haya sido encomendada a la Administración."* Art. 28, 23 L.P.R.A. sec. 72; véanse, en general, *Plaza Las Américas v. N & H,* 166 D.P.R. ___ (2005), **2006 J.T.S. 8,** a la pág. 730; *A.R.P.E. v. Rivera Morales,* 159 D.P.R. ___ (2003), **2003 J.T.S. 75,** a las págs. 984-985; *Mun. de Caguas v. A.T.& T.,* 154 D.P.R. 401, 415-416 (2001); *A.R.P.E. v. Rodríguez,* 127 D.P.R. 793 (1991); *Luán Investment Corp. v. Román,* 125 D.P.R. 533, 544 (1990); *A.R.P.E. v. Ozores Pérez,* 116 D.P.R. 816 (1986); *A.R.P.E. v. Chang Louk,* 113 D.P.R. 295 (1982); véase, además, *Torres v. Rodríguez,* 101 D.P.R. 177, 182-183 (1973).

Se trata, según ha advertido el Tribunal Supremo de Puerto Rico, de un procedimiento de naturaleza estatutaria, especial y sumaria, dirigido a la obtención de órdenes para la paralización inmediata, provisional o permanente de usos contrarios a la ley. *A.R.P.E. v. Rivera Morales,* **2003 J.T.S. 75,** a la pág. 984; *Luán Investment Corp. v. Román,* 125 D.P.R. a la pág. 544.

El estatuto provee términos cortos para la notificación del proceso y su adjudicación por el Tribunal. Art. 28, 23 L.P.R.A. sec. 72.

El procedimiento es distinto al *injunction* clásico u ordinario. Al interponerse una petición bajo este artículo, el tribunal sólo tiene que considerar si existe una ley o reglamento que regule el uso en cuestión y si los demandados la violan. No se requiere prueba de daño irreparable. *A.R.P.E. v. Rivera Morales,* **2003 J.T.S. 75,** a las págs. 984-985.

Tampoco se trata de un remedio definitivo. Llaménse *"provisionales"* o *"permanentes"*, el Tribunal Supremo de Puerto Rico ha aclarado que las órdenes emitidas bajo este procedimiento obligan a las partes sólo hasta que se emita una decisión final, producto del trámite administrativo o judicial ordinario. En este sentido, el procedimiento goza de afinidad con los estados provisionales de derecho. *Plaza Las Américas v. N & H*, **2006 J.T.S. 8**, a las págs. 730-731.

La Ley de Municipios Autónomos autoriza a los municipios a presentar acciones de esta naturaleza como parte de la transferencia de facultades de la Administración de Reglamentos y Permisos efectuada por medio de dicho estatuto. Art. 13.017, 21 L.P.R.A. sec. 4615.

En la situación de autos, el Municipio de Ponce plantea que el Tribunal de Primera Instancia no erró al no ordenarle al Municipio que contestara el descubrimiento de prueba presentado por la parte peticionaria. El Municipio aduce que su solicitud de *injunction* sólo requiere que el Tribunal determine si los peticionarios cuentan con un permiso para el anexo que erigieron contiguo a la residencia y que la solicitud de los peticionarios es inconsistente con el carácter sumario del procedimiento. No estamos de acuerdo.

Lo cierto es que, a pesar de que el Municipio formuló su demanda originalmente como una petición de *injunction* bajo el procedimiento sumario establecido por el citado Artículo 28 de la Ley Orgánica de A.R.P.E., la naturaleza de la controversia quedó posteriormente modificada por medio de las alegaciones de las partes.

Hemos visto, en este sentido, que los peticionarios alegan que la Autoridad de Energía Eléctrica alteró la alineación de sus líneas de tendido eléctrico luego del Huracán Georges e invadió ilegalmente la propiedad de los peticionarios. Los peticionarios plantean que ellos tendrían derecho a obtener los permisos de uso y construcción necesarios para legalizar su construcción, salvo por la objeción formulada por la Autoridad de Energía Eléctrica.

La controversia, según presentada por las partes al Tribunal de Primera Instancia, requiere que el foro recurrido determine si las líneas eléctricas que atraviesan la propiedad de los peticionarios, efectivamente, fueron movidas y si esta actuación fue ilegal.

A esos fines, el requerimiento enviado por los peticionarios al Municipio le solicita a dicha parte que admita si existen otras propiedades en el área que se encuentran en igualdad de condiciones con la propiedad de los peticionarios, y que no han sido objeto de intervención por parte de las autoridades municipales. También se solicita al Municipio que identifique la evidencia que se propone presentar durante la vista en sus méritos del caso. Se trata de información que guarda pertinencia con la controversia. No surge que la información requerida sea privilegiada.

En estas circunstancias, entendemos que la solicitud de los peticionarios de que se conteste su descubrimiento de prueba es razonable.

Observamos que aunque el procedimiento que establece el Artículo 28 de la Ley Orgánica de A.R.P.E. es sumario, este estatuto no prohíbe, como tal, que se utilicen los mecanismos de descubrimiento de prueba establecidos por las Reglas de Procedimiento Civil, cuando las circunstancias así lo ameritan. Compárese, *Alfonso Brú v. Trane Export, Inc.,* **2001 J.T.S. 132**, a las págs. 139-140 (descubrimiento de prueba en procedimiento sumario laboral).

En el presente caso, la controversia fue presentada hace ya casi cinco años, sin que el Tribunal hubiera actuado dentro de los términos que dispone la Ley. El Tribunal, según hemos visto, permitió que el Municipio enmendara sus alegaciones para incluir como parte a la Autoridad de Energía Eléctrica. También permitió a los peticionarios presentar una demanda contra coparte contra la Autoridad, y a ésta formular una reconvención

contra los peticionarios.

Habiéndose ampliado los términos de la controversia inicial, y resultando pertinente y no privilegiada la información que se solicita, creemos que el Municipio viene obligado a contestar el interrogatorio sometido.

También creemos que el Tribunal actuó de forma incorrecta al denegar la solicitud de los peticionarios para que se les permitiera enmendar su informe de conferencia preliminar y anunciar un testigo pericial.

La política pública vigente favorece que se brinde a las partes la oportunidad de que los casos se ventilen en sus méritos. *Mun. de Arecibo v. Almac. Yakima,* 154 D.P.R. 217, 221 (2001); *Ghigliotti v. A.S.A.,* 149 D.P.R. 902, 915 (2000); *PFZ Props., Inc. v. Gen. Acc. Ins. Co.,* 136 D.P.R. 881, 915, n. 20 (1994); *Mercado v. Panther's Military Soc. Inc.,* 125 D.P.R. 98, 105 (1990); *Neptune Packing Corp. v. Wackenhut Corp,* 120 D.P. R. 283, 293 (1988); *Imp. Vilca, Inc. v. Hogares Crea, Inc.,* 118 D.P.R. 679, 686 (1987).

En vista de ello, el Tribunal Supremo de Puerto Rico ha advertido que, ante la desatención procesal de una parte, el Tribunal de Primera Instancia, de ordinario, debe agotar la alternativa de imponerle sanciones económicas, antes de tomar otra medida que pueda tener el efecto de privarla de tener su día en corte. Véase, *Mun. de Arecibo v. Almac. Yakima,* 154 D.P.R. a la pág. 222; *Echevarría Jiménez v. Sucn. Pérez Meri,* 123 D.P. R. 664, 674 (1989); *Imp. Vilca, Inc. v. Hogares Crea, Inc.,* 118 D.P.R. a la pág. 686; *Dávila v. Hosp. San Miguel, Inc.,* 117 D.P.R. 807, 814 (1986); *Maldonado v. Srio. de Rec. Naturales,* 113 D.P.R. 494, 498 (1982); *Garriga Gordils v. Maldonado Colón,* 109 D.P.R. 817, 822 (1980); *Arce v. Club Gallístico de San Juan,* 105 D. P.R. 305, 308 (1976); véanse, además, *Valentín v. Mun. de Añasco,* 145 D.P.R. 887, 895-896 (1998); *Amaro González v. First Fed. Savs.,* 132 D.P.R. a la pág. 1054; véase, además, *Aponte v. Sears Roebuck de P.R., Inc.,* 129 D.P.R. a las págs. 1050-1051.

No debe eliminarse un testigo esencial para una parte como primera alternativa para castigarla por incumplir con el procedimiento establecido por las Reglas. *Valentín v. Mun. de Añasco,* 145 D.P.R. a las págs. 895-896.

En el presente caso, la controversia entre las partes envuelve, entre otras cosas, determinar si la Autoridad de Energía Eléctrica movió sus líneas de tendido eléctrico de manera ilegal, según alegan los peticionarios. Es evidente que un perito puede resultar de asistencia para que el Tribunal adjudique esta cuestión.

Reconocemos que la solicitud formulada por la parte peticionaria para anunciar su prueba pericial fue tardía, por cuanto esta prueba debía haber sido anunciada con antelación a la conferencia preliminar al juicio. Somos de la opinión, sin embargo, que el Tribunal de Primera Instancia debió castigar esta dilación mediante la imposición de sanciones económicas y no mediante la eliminación del testigo.

Por los fundamentos expresados, se expide el auto solicitado y se revoca la resolución recurrida. Se ordena al Municipio de Ponce que, dentro del término de treinta (30) días, conteste el descubrimiento de prueba y requerimiento de admisiones enviado por la parte peticionaria.

La parte peticionaria tendrá un término improrrogable de treinta (30) días para anunciar su prueba pericial en el caso, y para someter el *currículum vitae,* las cualificaciones de su perito y un informe que recoja sus opiniones sobre la controversia. De interesarlo así las otras partes, el perito deberá ser producido para deposición dentro de los 30 días posteriores a su anuncio.

La admisión de este testigo estará condicionada a que, dentro del término de quince (15) días a partir de la notificación de esta sentencia, la parte peticionaria consigne ante este Tribunal una sanción de $200.00 a favor del E.L.A., por su tardanza. La consignación deberá ser realizada mediante la cancelación de sellos por la

cantidad correspondiente.

En caso de que la parte peticionaria incumpla con lo anterior, se entenderá denegada su solicitud para anunciar un perito, sin necesidad de trámite adicional alguno.

El Tribunal de Primera Instancia tendrá facultad para permitir a las otras partes que anuncien prueba pericial, si así lo entiende pertinente, y para disponer el descubrimiento de prueba que pueda realizarse en cuanto a éstos.

Se devolverá el caso al Tribunal de Primera Instancia para procedimientos consistentes con esta sentencia.

Lo pronunció y lo manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Laura M. Vélez Vélez
Secretaria del Tribunal de Apelaciones