ENRIQUE MERCADO DEL VALLE y OTROS, demandantes y recurrentes, *v.* PANTHERS MILITARY SOCIETY, INC. y OTROS, demandados y recurridos.

*Número:* RE-88-420      *Resuelto:* 2 de enero de 1990

*José M. Biaggi Junquera,* abogado de los recurrentes; *Santiago Mari Roca,* de *Ribas, Biaggi & Mari,* abogado de la Corporación Insular de Seguros de Puerto Rico, recurrida.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del Tribunal.

Una vez más resolvemos que la búsqueda de la verdad y de que se cumplan los elementales principios de justicia no puede depender de las "habilidades o destrezas téc-

nicas" de los abogados. *Berríos v. U.P.R.*, 116 D.P.R. 88, 91 (1985).

Expedimos auto para revisar la sentencia dictada por el Tribunal Superior, Sala de Mayagüez, que desestimó la reclamación contra la Corporación Insular de Seguros de Puerto Rico a tenor con la Regla 39.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, por no haber ésta sido emplazada a pesar de haber transcurrido más de dos (2) años desde que fue formalmente incluida como parte. Revocamos.

■ Un análisis de los autos, especialmente de las comparecencias de los abogados de la asegurada, Universidad de Puerto Rico (U.P.R.), Recinto Universitario de Mayagüez (R.U.M.) y de su aseguradora, Corporación Insular de Seguros de Puerto Rico (Corporación), revela que la última se sometió a la jurisdicción del tribunal a pesar de no haber sido emplazada mediante el diligenciamiento de un emplazamiento formal. Es de estricta aplicación lo resuelto en *Echevarría Jiménez v. Sucn. Pérez Meri*, 123 D.P.R. 664, 686 (1989), de que "si la nueva parte comparece voluntariamente y realiza algún acto sustancial que la constituya en parte en el pleito, se somete a la jurisdicción del tribunal y esto hace innecesario el trámite de notificación y emplazamiento de la Regla 4, *supra. Claudio v. Casillas Mojica*, 100 D.P.R. 761, 773 (1972)". Veamos.

Esta es una reclamación de daños y perjuicios por la muerte del joven Arnaldo Mercado Pérez causada por los actos delictivos y negligentes de los miembros de la sociedad estudiantil conocida como "Las Panteras" al participar en la "iniciación" como miembro de dicha organización. Se alegó que:

5. El R.U.M. fue negligente al no impedir la actividad ni supervisar la misma a pesar de que tenía obligación de así hacerlo y estar advertido de que en ocasiones previas en acti-

vidades similares los participantes de las mismas habían sufrido daño físico y mental.(1) Apéndice, pág. 2.

Se incorporó la alegación Núm. 8 a los efectos de que:

Los demandados Compañías de Seguro X y Z son las compañías de seguros que tienen o tenían pólizas expedidas que cubren los hechos anteriormente descritos.(2)

El 18 de abril de 1984 comparecieron conjuntamente la U.P.R. y el R.U.M. para pedir prórroga y así contestar. En ese momento estaban representados por el Bufete Ledesma, Palou & Miranda. El 10 de mayo de 1984 los abogados de la Oficina de Asuntos Legales de la U.P.R. se unieron a la representación legal. El 15 de mayo de 1984 el Bufete Miranda Cárdenas, De Corral & Rodríguez presentó la moción siguiente:

COMPARECE (sic) los abogados suscribientes y al Hon. Tribunal respetuosamente informan a este Hon. Tribunal que se nos ha pedido que comparezcamos en nombre de la Universidad de Puerto Rico en el presente caso en unión al distinguido compañero Rubén Nigaglioni y la oficina de Ledesma, Palou & Miranda.

POR TODO LO CUAL, muy respetuosamente se suplica del Hon. Tribunal de aquí en adelante como abogados de la Universidad de Puerto Rico en este caso, en unión al distinguido compañero y oficinas antes mencionada[s]; en adición, suplicamos del Hon. Tribunal ordene a todas las partes a que nos notifiquen con copia de los documentos que hayan presentado en este caso a partir de la radicación de la demanda.

---

(1) No emitimos juicio sobre la suficiencia de las alegaciones en cuanto a la responsabilidad del Recinto Universitario de Mayagüez (R.U.M.) y su aseguradora.

(2) Entre las demandadas emplazadas figuran la Universidad de Puerto Rico (U.P.R.), el R.U.M. y el Estado Libre Asociado. Se demandó a la sociedad y un grupo de sus miembros que presuntamente participaron en los actos que produjeron el deceso.

El 22 de mayo de 1984 la U.P.R. presentó una contestación a la demanda (demanda contra parte y reconvención) que fue suscrita y firmada por los abogados Luis F. Montijo, del Bufete Miranda Cárdenas, De Corral & Rodríguez, y Rubén T. Nigaglioni, del Bufete Ledesma, Palou & Miranda.[3]

El 22 de febrero de 1985 el Bufete Miranda Cárdenas, De Corral & Rodríguez presentó la solicitud siguiente:

1. Que este caso fue referido a los abogados suscribientes por su cliente Corporación Insular de Seguros.

2. Que a tenor con el contrato de seguros existente entre el asegurado y la compañía aseguradora, es ésta la que tiene la responsabilidad de designar el abogado que deba representar a su asegurado y a ella misma si fuere necesario.

3. Que la relación de abogado y cliente, existente entre los abogados suscribientes y Corporación Insular de Seguros ha sido dada por terminada por existir desacuerdos irreconciliables entre ambos y haberse pedido la renuncia de los abogados suscribientes por la dicha aseguradora.

4. Que de esta renuncia de representación se está notificando a Corporación Insular de Seguros, a su dirección Tetuán 255, Viejo San Juan, P.R. y a su otro representado(s) Universidad de Puerto Rico, Recinto Universitario de Mayag[ü]ez, GPO Box 4984-G, San Juan, Puerto Rico 00936-4984.

POR TODO LO QUE, del Honorable Tribunal respetuosamente se suplica se sirva conceder la renuncia solicitada y dar por apartados de esta causa a este Bufete y conceda un término de treinta días para conseguir representación legal, suspendiendo todo procedimiento dentro de ese término. Apéndice, pág. 14.

El tribunal emitió la orden siguiente:

Con lugar.

---

[3] También comparecieron los abogados internos de la U.P.R.

Se concede a la Corporación Insular de Seguros, treinta (30) días para anunciar su nueva representación profesional. Apéndice, pág. 15.

Nadie objetó que se le concediera un término a la Corporación, a pesar de que ésta no había sido incluida como parte formal. El 26 de abril de 1985 el Bufete Vargas & Rivé asumió la representación de la U.P.R., la cual fue admitida por el tribunal.

El 13 de marzo de 1986 el tribunal admitió la demanda enmendada en la que, entre otras cosas, se enmendó el párrafo ocho para alegar que la Corporación expidió una póliza que cubre el pago de daños que se ocasionen a terceros por la culpa o negligencia del R.U.M.

El 29 de enero de 1987 el tribunal ordenó a los demandados hacer alegación responsiva a la demanda enmendada. En la vista sobre el estado de los procedimientos de 16 de marzo de 1987 se le requirió al licenciado Nigaglioni que informara si continuaría representando a la U.P.R. y al R.U.M. conjuntamente con el Lcdo. David Rivé-Rivera. El licenciado Nigaglioni presentó la moción siguiente:

COMPARECE la Universidad de Puerto Rico representada por el abogado que suscribe y respetuosamente expone y solicita.

1. El suscribiente recibió una copia de la minuta del 19 de marzo de 1987 en la que se solicita una aclaración de si el abogado que suscribe continuará representando a la Universidad de Puerto Rico conjuntamente con el Lcdo. David Riv[é]-Rivera.

2. Por la presente se le informa al Honorable Tribunal que el suscribiente en efecto continuará representando a la Universidad de Puerto Rico conjuntamente con el Lcdo. Riv[é]-Rivera en el exceso que pudiera haber de la cubierta de seguro.

POR TODO LO CUAL, respetuosamente se solicita de este Honorable Tribunal dicho conocimiento de lo anteriormente relacionado. Apéndice, pág. 43.

La demanda enmendada fue contestada por el licenciado Rivé-Rivera a nombre de la U.P.R. Allí no se negó que la Corporación era la aseguradora de la U.P.R. y del R.U.M.(4)

El licenciado Rivé-Rivera renunció a la representación legal de la U.P.R. el 15 de junio de 1988, pero hizo constar que ha representado a la U.P.R. por encomienda de la Corporación y que, por instrucciones de ésta, la representación legal le ha sido asignada al Bufete Reichard & Martínez de Aguadilla. Este bufete asumió la representación legal el 17 de junio de 1988.

Así las cosas, un nuevo magistrado (Honorable Brau Ramírez, Juez) ordenó en la conferencia sobre los estados de los procedimientos que la parte demandante mostrara causa por la cual no debía desestimarse la demanda contra la Corporación.(5)

En su contestación, la demandante afirmó que tenía conocimiento desde los comienzos del pleito de que los abogados de la Corporación representaban a la U.P.R. y al R.U.M. por encomienda de la Corporación, y que éstos siempre estuvieron notificados de todos los procedimientos. A pesar del anterior historial, el tribunal desestimó y rehusó reconsiderar su dictamen.

Como apuntamos anteriormente, podemos resolver que la aseguradora se sometió voluntariamente a la jurisdicción del tribunal, pero hay otros factores que también militan en contra de la posición técnica del tribunal y de la recurrida.

■ Los actos de los abogados de la aseguradora y su asegurada justifican cualquier confusión de parte de los demandantes al entender que no era necesario emplazar formalmente a la aseguradora.

_____

(4) Por el contrario, se hizo formar parte la alegación de la contestación original de que ello no requiere alegación responsiva.

(5) Aparentemente el magistrado actuó a instancia propia. Por lo menos no hay en los autos una solicitud formal de la Corporación.

Ante esas circunstancias, podemos colegir que de haber obligación de emplazar hubo justa causa o negligencia excusable para no diligenciar el emplazamiento. *In re Fernández Torres*, 122 D.P.R. 859 (1988); *Pietri González v. Tribunal Superior*, 117 D.P.R. 638 (1986); *Ortalaza v. F.S.E.*, 116 D.P.R. 700 (1985); *Lugo v. Municipio de Bayamón*, 111 D.P.R. 679 (1981).

En este caso, aunque a principios la aseguradora era una parte con nombre desconocido, una vez se conoció el nombre por la información presentada por ella y su asegurada, el demandante cumplió con su deber de enmendar la demanda para incluirla como parte y su abogado quedó notificado con tiempo suficiente para comparecer y defenderse. Ello, unido a su renuncia implícita, cumple sustancialmente con las normas procesales aplicables. *Núñez González v. Jiménez Miranda*, 122 D.P.R. 134 (1988).

Dentro de la totalidad de las circunstancias presentes, se cumple más adecuadamente y con mayor justedad la política judicial de que los casos se ventilen en sus méritos (*Echevarría Jiménez v. Sucn. Pérez Meri*, supra; *Dávila v. Hosp. San Miguel, Inc.*, 117 D.P.R. 807 (1986), y *Maldonado v. Srio de Rec. Naturales*, 113 D.P.R. 494 (1982)) permitiendo que la Corporación continúe en el pleito como parte demandada. Dicha parte no ha demostrado que al así resolver le estemos causando perjuicios reales y sustanciales.

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Rebollo López disiente sin opinión escrita. El Juez Asociado Señor Alonso Alonso no intervino.