Broco Oliveras, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
I
La apelante, Doral Mortgage Corporation, nos solicita que dejemos sin efecto la sentencia del Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Bayamón, mediante la cual se ordenó el archivo con perjuicio de una acción de ejecución de hipoteca por la vía ordinaria, conforme a la Regla 39.2 (b) de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 39.2.
Por los fundamentos que a continuación exponemos, procede que revoquemos la sentencia del tribunal recurrido
El 14 de febrero de 1996, Doral Mortgage radicó una demanda de ejecución de hipoteca por la vía ordinaria contra Rafael Blondet Santos y su esposa Manuela Peña Paredes. Al tratar de emplazar a los *1135 esposos el emplazador descubre que éstos habían fallecido dejando como heredero a Rafael Blondet Peña. En consecuencia, Doral Mortgage radicó una demanda enmendada y una moción de sustitución de partes, la cual fue acogida el 30 de abril de 1996 por el Tribunal de. Primera Instancia. E1-.8 de mayo de 1996, se expidió un emplazamiento dirigido a Rafael Blondet Peña y éste fue emplazado el 10 de septiembre de 1996. El emplazamiento diligenciado no consta en autos ya que según Doral Mortgage, el emplazador no se lo entregó. De acuerdo a Doral Mortgage; a ésta no le fue posible obtener una declaración jurada del emplazador ya que éste se trasladó al estado de Florida perdiéndose todo contacto con él.
El 3 de octubre de 1996, el Sr. Blondet Peña radicó una moción de prórroga para contestar la demanda. El Tribunal de Primera Instancia acogió dicha moción mediante resolución de 17 de octubre de 1996 que fue notificada el 26 de noviembre de 1996. La prórroga concedida al Sr. Blondet Peña venció el 30 de diciembre de 1996. Según alega Doral Mortgage, el 30 de enero de 1998 ésta envió al tribunal para su radicación una moción solicitando la anotación de rebeldía del demandado y una sentencia apoyada en declaración jurada. Doral Mortgage nos indica que la referida moción no fue radicada en el Tribunal de Primera Instancia hasta el 18 de febrero de 1997. La razón que aduce la representación legal de la apelante para la demora fue que su mensajero sufría a la sazón de una grave depresión emocional que afectó su trabajo y terminó en suicidio.
El 18 de febrero de 1997, sin aviso previo, el Tribunal de Primera Instancia dictó sentencia desestimando la demanda con perjuicio por razón de inactividad de más de seis (6) meses. El 18 de marzo de 1997, la apelante solicitó reconsideración de dicha sentencia alegando lo siguiente: que por el fallecimiento de los demandados hubo que sustituirlos como partes en la demanda, que el emplazador no devolvió el emplazamiento diligenciado, y que por problemas de salud mental del mensajero no se radicó a tiempo una moción de anotación de rebeldía y sentencia. La moción de reconsideración no fue atendida por el tribunal.
Inconforme con dicha sentencia, la apelante instó el presente recurso. Los señalamientos de error de la apelante se pueden resumir en el siguiente planteamiento: erró el Tribunal de Primera Instancia al no seguir el procedimiento establecido por la Regla 39.2 (b) de Procedimiento Civil, desestimando con perjuicio un caso sin aviso alguno, en el cual la otra parte no sufrió perjuicio, a pesar de que había negligencia excusable y no hubo inactividad en el trámite del caso.
II
La Regla 39.2 (b) de Procedimiento Civil, supra, dispone que el juez administrador ordenará la desestimación de los asuntos civiles por inactividad en el trámite durante un período mayor de seis (6) meses. El juez administrador dictará una orden requiriendo a las partes que en el término de diez (10) días expongan por escrito razones por las cuales no debe desestimarse el caso. A menos que el tribunal lo disponga de otro modo, una desestimación bajo la Regla 39.2 tiene el efecto de una adjudicación en sus méritos, excepto que se hubiere dictado por falta de jurisdicción o por haber omitido acumular una parte indispensable.
Sobre el inciso (b) de la Regla 39.2 el comentarista Cuevas Segarra nos señala lo siguiente:
El inciso (b) de esta regla es un transplante de la regla 11 de las Reglas de Administración del Tribunal de Primera Instancia. Propone, en síntesis, la desestimación y archivo de todas las acciones civiles pendientes en las que no se hubiere efectuado trámite alguno por cualquiera de las partes por los últimos seis meses, "a menos que tal inactividad se justifique [al tribunal] oportunamente ". Esta frase entre comillas fue añadida al nuevo texto. Este inciso (b) completo se incorporó mediante enmienda de la Asamblea Legislativa. Pero distinto a la Regla 11 de Administración, retoma una vieja disposición del anterior reglamento de 1961 vigente hasta septiembre 1, de 1975, en que entró en vigor el reglamento vigente. Dicha disposición provee para que el tribunal, antes de decretar desestimación, dicte una orden requiriendo a las partes para que dentro de un término de diez días de su notificación expongan por escrito las razones por las cuales no deba desestimarse y archivarse el pleito. 
En Echevarría v. Sucesión Pérez Meri, 123 D.P.R. 664 (1989), el Tribunal Supremo de Puerto Rico, al referirse a la Regla 39.2 (b) de Procedimiento Civil, expresó lo siguiente:
*1136 "Aunque la Regla 39.2 (b) de Procedimiento Civil, supra, no exige que se notifique la orden para mostrar causa a la parte propiamente (por ser ésta una de naturaleza punitiva en relación con el manejo del caso por parte de la representación legal de la parte promovente) el hecho de la falta de conocimiento de la parte debe tomarse en consideración para evaluar las razones ofrecidas para justificar la inactividad por seis (6) meses. Este es un factor a considerar al "balancear los intereses envueltos: de un lado, la necesidad del tribunal de supervisar su calendario, el interés público en la resolución expedita de los casos y el riesgo de perjuicio al demandado por la dilación; por otro lado está la política judicial de que los casos se ventilen en los méritos por lo que... de no demostrarse perjuicio verdadero con la dilación es irrazonable ordenar el archivo". J.A. Cuevas Segarra, Práctica Proceml-Puertorriqueña: Procedimiento Civil, San Juan, Publicaciones J.T.S., 1985, Vol. II, Cap. VI, pág. 206.
Es menester que el Tribunal de Primera Instancia examine la totalidad de las circunstancias procesales, antes de imponer la drástica medida de privar a un litigante de su día en corte, medida que se utiliza en casos de extremo abandono, máxime si se considera que la desestimación por inactividad bajo la Regla 39.2 (b) de Procedimiento Civil tiene el efecto de una adjudicación en los méritos. Echevarría v. Suces. Pérez Meri, supra.
Existe una política judicial de que los casos se ventilen en sus méritos, dándole a todo litigante la oportunidad de tener su día en corte. Mercado Del Valle v. Panthers Military Society, 125 D.P.R. 98 (1990); Maldonado v. Soltero Harrington, 113 D.P.R. 494 (1983); Ramírez de Arellano v. Secretario de Hacienda, 85 D.P.R. 823 (1962).
La desestimación de un caso sin considerar sus méritos, es una medida procedente sólo en casos extremos donde queda expuesto el desinterés y abandono total de la parte de su caso. Garriga Gordils v. Maldonado Colón, 109 D.P.R. 817 (1980); Arce v. Club Gallístico de San Juan, 105 D.P.R. 305 (1976).
Al considerarse si procede la reapertura de un caso archivado a base de la Regla 39.2 de Procedimiento Civil, los tribunales deben de hacer un análisis y un balance racional y justiciero de todo el expediente del caso para determinar, bajo las circunstancias específicas del caso, si hubo error o negligencia excusable. Dávila v. Hosp. San Miguel, Inc., 117 D.P.R. 807 (1989).
III
Entendemos que en el presente caso el Tribunal de Primera Instancia no actuó conforme a lo establecido por la Regla 39.2 (b) de Procedimiento Civil, supra, al desestimar el caso de la apelante. En el presente caso el Tribunal de Primera Instancia desestimó el pleito el 18 de febrero de 1997, sin darle oportunidad a la apelante para que expusiera razones por las cuales no se debía archivar el caso. Este proceder es contrario al texto de la Regla 39.2 la cual requiere apercibimiento a las partes, para que dentro de diez (10) días expongan por escrito las razones por las cuales no deba desestimarse o archivarse el pleito por inactividad. Aunque entendemos que la razón mencionada es suficiente para producir la revocación de la sentencia apelada, consideramos además que el tribunal debió haber evaluado las razones incluidas en la moción de reconsideración (relativas al fallecimiento de los demandados originales, la ausencia del emplazador y a la enfermedad mental del mensajero) bajo el inciso (1) de la Regla de Procedimiento Civil, 32 L.P.R.A. Ap. III, sobre error o negligencia excusable, a los fines de determinar si procedía la reapertura del caso.
En la alternativa, resolvemos que el Tribunal de Primera Instancia no debió desestimar la demanda por inactividad de la parte demandante al no haber transcurrido los seis meses dispuestos en la Regla 39.2 de Procedimiento Civil, supra. En el caso de marras, la prórroga dada al demandado para que contestará la demanda venció el 30 de diciembre de 1996. Hasta esa fecha nada podía hacer el demandante ante la anuencia del tribunal apelado de otorgar prórrogas al demandado. Interpretar la Regla 39.2 de Procedimiento Civil, supra, a los fines de establecer que las prórrogas concedidas por el Tribunal a quo, a la parte demandada, para contestar la demanda no interrumpe igualmente el término de seis meses para el demandante, tendría el efecto de contravenir los propósitos de la regla. El resultado supondría que los demandados pidieran prórrogas sucesivas hasta cumplir los seis meses y luego solicitaran la desestimación de la demanda por inacción de la parte demandante aun cuando ésta nada puede hacer, está en espera de la correspondiente alegación de su contraparte, quien a su vez *1137 cuenta con la autorización del tribunal en su tardanza.
El tribunal apelado desestimó la demanda el 18 de febrero de 1997 o cincuenta (50) días luego de vencer la prórroga conferida a la parte demandada para contestar. Por tanto; la parte demandante tenía disponible ciento treinta (130) días aproximadamente para continuar con los trámites del caso y no ocurrió un período de inactividad imputable a ésta como determinó el tribunal a quo.
En el presente caso y examinada la totalidad de las circunstancias procesales, concluimos que no estamos ante un "caso extremo" de abandono a los que alude la jurisprudencia para imponer la drástica medida de privar al litigante de su día en corte. Echevarría v. Sucesión Pérez Meri, supra. Procede por lo tanto la reapertura del caso.
IV
Por las razones antes expresadas, se revoca la sentencia recurrida.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIO 98 DTA 99
1. Cuevas Segarra, José A., Práctica Procesal Puertorriqueña, Procedimiento Civil, Publicaciones J.T.S., San Juan, 1985, Vol. II, Cáp.VI, pág. 204.