EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Ángelo Medina Mercado y Otros<br><br>Peticionarios<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico y otros<br><br>Recurridos | Certiorari<br><br>2014 TSPR 107<br><br>190 DPR \_\_\_\_ |

Número del Caso: AC-2013-118

Fecha: 12 de mayo de 2014

Tribunal de Apelaciones:

    Región Judicial de San Juan, Panel VIII

Abogados de la Parte Peticionaria:

    Lcdo. Roberto Sueiro del Valle
    Lcda. Nicolle Rodríguez Candelario

Abogados de la Parte Recurrida:

    Lcda. Liany A. Vega Nazario

Materia: Sentencia con Voto Particular Disidente

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ángelo Medina Mercado y otros

    Peticionarios

        v.                             AC-2013-0118

Estado Libre Asociado de
Puerto Rico y otros

    Recurridos

SENTENCIA

San Juan, Puerto Rico, a 12 de mayo de 2014.

Atendido el escrito presentado como una petición de certiorari, por estar igualmente dividido el Tribunal y conforme a lo dispuesto en la Regla 4(a) del Reglamento del Tribunal Supremo de Puerto Rico, 4 LPRA Ap. XXI-B, R. 4(a), se expide el auto y se dicta Sentencia confirmatoria de la emitida en el caso de autos por el foro apelativo.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco y los Jueces Asociados señores Kolthoff Caraballo, Feliberti Cintrón y Estrella Martínez hubiesen expedido el auto para revocar el dictamen del Tribunal de

Tribunal Apelaciones y devolver el recurso al Tribunal de Primera Instancia, a fin de que los demandantes tengan su día en corte. El Juez Asociado señor Estrella Martínez emitió un Voto Particular Disidente al que se unen la Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Kolthoff Caraballo.

                            Aida Ileana Oquendo Graulau
                          Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ángelo Medina Mercado y otros

    Apelantes

      v.

                            AC-2013-118

Estado Libre Asociado de Puerto
Rico y otros

    Apelados

Voto particular disidente emitido por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ al cual se unen la Jueza Asociada SEÑORA PABÓN CHARNECO y el Juez Asociado SEÑOR KOLTHOFF CARABALLO

San Juan, Puerto Rico, a 12 de mayo de 2014.

Respetuosamente disiento de la acción de confirmar el dictamen desestimatorio del reclamo de los productores de espectáculos, provocada por esta Curia hallarse igualmente dividida. En su lugar, hubiese revocado por entender que los foros apelados incidieron al desestimar su reclamo al amparo de la Regla 10.2 de las de Procedimiento Civil, *infra*. Ello, pues, los aludidos foros debieron permitirle presentar evidencia con el fin de demostrar la veracidad de lo reclamado. Al desestimar su causa de acción bajo el fundamento de que dejaron de exponer una reclamación que justificara la concesión de un

remedio, se actuó en contravención al importante interés de que todo litigante tenga su día en corte. No podemos avalar un curso de acción que quebranta toda una política judicial firmemente establecida.

Por tanto, expediría el recurso presentado con miras a revocar el dictamen de los foros recurridos. La referida política pública judicial así lo exige.

A continuación, exponemos el escenario fáctico y procesal que dio margen a la controversia que nos ocupa.

**I**

El 19 de agosto de 2011, varios productores de espectáculos (productores) presentaron una demanda y sentencia declaratoria en contra del Estado Libre Asociado de Puerto Rico (ELA), bajo el fundamento de que la Ley Núm. 108 de 12 de julio de 1985 (Ley Núm. 108),[1] 1 LPRA sec. 531 *et seq.*, infringía sus derechos constitucionales. En particular, señalaron que ésta violenta su derecho a la igual protección de las leyes, a la libertad de expresión, su derecho al trabajo y a no ser privados de su propiedad sin el debido proceso de ley.

---

[1] En lo pertinente, la ley establece el derecho de las personas mayores de sesenta años a recibir un descuento de cincuenta por ciento en el boleto de admisión para cualquier espectáculo que se lleve a cabo en instalaciones o facilidades pertenecientes al ELA. También dispone que el derecho de admisión a estas actividades debe concedérsele libre de costo a toda persona que tenga setenta y cinco años o más.

En síntesis, los productores alegan que la Ley Núm. 108 transgrede la igual protección de las leyes ya que discrimina en contra de los productores de espectáculos dirigidos a personas mayores de sesenta años. Plantean que el referido esquema legal regula el contenido, así como el tiempo, lugar y manera de los espectáculos que producen. De igual forma, sostienen que existe una exclusión *de facto* de productores de espectáculos que apelan a las personas de edad avanzada. Asimismo, arguyen que la ley constituye una censura previa al hacer imposible económicamente espectáculos dirigidos a las personas de edad avanzada.

Por otro lado, los productores aducen que la Ley Núm. 108 los priva de recibir un dinero al cual tienen derecho y frustra sus expectativas empresariales. Para ellos, la ley incauta propiedad privada sin el debido proceso de ley y sin concederle justa compensación, pues plantean que tienen un interés propietario en la explotación económica de su negocio. Finalmente, señalan que la aplicación de la aludida ley ha causado daños estimados en 2 millones de dólares a cada productor (20 millones de dólares en total).

Luego de varios incidentes procesales, el ELA presentó una moción de desestimación bajo el fundamento de que la demanda no exponía hechos que justificaran la concesión de un remedio. Para el ELA, conceder lo reclamado por los productores constituiría una intervención indebida de los foros judiciales con las funciones y prerrogativas que le competen a la Rama Legislativa y Ejecutiva. En cuanto a la igual protección de las leyes, el ELA argumentó que las disposiciones de la Ley Núm. 108 aplican a

todos los productores por igual, por lo que no se configura una clasificación sospechosa. Por tanto, adujo que la ley supera el escrutinio de razonabilidad.

Del mismo modo, el ELA arguyó que el estatuto en cuestión no regulaba el tiempo, lugar o manera de las expresiones artísticas. Tampoco prohibía la expresión ni regulaba el contenido de las mismas. Asimismo, en cuanto a la privación de propiedad sin un debido proceso de ley, planteó que la ley era una medida socioeconómica que debía evaluarse bajo el escrutinio de razonabilidad el cual superaba.

El 21 de noviembre de 2011, los productores presentaron la correspondiente oposición a la solicitud de desestimación. En ésta, reiteraron los argumentos expuestos en cuanto a la inconstitucionalidad de la Ley Núm. 108. Además, el 20 de enero de 2012, los productores presentaron una moción de sentencia sumaria.

Así las cosas, el 29 de mayo de 2012, el Tribunal de Primera Instancia emitió una Sentencia mediante la cual declaró ha lugar la moción de desestimación presentada por el ELA. Por tanto, desestimó la totalidad de la demanda instada por los productores fundamentándose en que la demanda no exponía hechos que justificaran la concesión de un remedio. En desacuerdo, los productores presentaron una moción de reconsideración, pero fue declarada no ha lugar.

Inconformes con este dictamen, los productores acudieron al Tribunal de Apelaciones. Esencialmente, plantearon los mismos argumentos esbozados ante el foro primario. No obstante,

añadieron el señalamiento de que la mencionada ley adolece de vaguedad, pues no imponía topes sobre la cantidad de boletos a recibir el descuento o a brindarse gratuitamente.

El 30 de agosto de 2013, el foro apelativo intermedio dictó una Sentencia mediante la cual confirmó el dictamen recurrido. Ante este proceder, los productores recurren ante este Tribunal.

Empero, por esta Curia encontrarse igualmente dividida y conforme lo que dispone la Regla 4(a) de este Tribunal, 4 LPRA Ap. XXI-B, R. 4(a),[2] se emite una Sentencia cuyo resultado es confirmar los dictámenes desestimatorios del reclamo de los productores. Por ello, disiento y expreso a continuación los fundamentos que me llevan ello.

## II

Antes de exponer nuestro criterio respecto a la controversia que nos ocupa, es menester señalar las disposiciones estatutarias y jurisprudenciales aplicables. Procedemos.

Como es sabido, la Regla 10.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, establece las defensas mediante las cuales una parte puede solicitar la desestimación de la causa de acción que se insta en su contra. Ello, cuando **es evidente** que a base de las alegaciones formuladas en la demanda, alguna de las defensas afirmativas prosperará. Trans-Oceanic

---

[2]La Regla 4(a) del Reglamento del Tribunal Supremo establece, en lo pertinente, que "[p]ara la expedición de un auto por el [P]leno, se requerirán los votos de por lo menos la mitad de los jueces y las juezas que intervengan. Cuando la votación sea empate, se expedirá el auto discrecional y se confirmará el dictamen objeto del recurso". *Véase*, 4 LPRA Ap. XXI-B, R. 4(a).

Life Ins. v. Oracle Corp., 184 DPR 689, 701 (2012). Así, esta regla dispone, en lo pertinente, que:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada:
>     (1) Falta de jurisdicción sobre la materia. (2) Falta de jurisdicción sobre la persona. (3) Insuficiencia del emplazamiento.
>     (4) Insuficiencia del diligenciamiento del emplazamiento.
>     **(5) Dejar de exponer una reclamación que justifique la concesión de un remedio.**
>     (6) Dejar de acumular una parte indispensable. 32 LPRA Ap. V, R. 10.2. [Énfasis suplido].

En lo que atañe a la controversia de marras, hemos establecido que ante la presentación de una moción de desestimación basada en la quinta defensa de la aludida regla procesal, los foros judiciales deben tomar como **ciertas** todas las alegaciones fácticas plasmadas en la demanda. Colón v. Lotería, 167 DPR 625, 649 (2006); Roldán v. Lutrón, S.M., Inc., 151 DPR 883, 889 (2000); Harguindey Ferrer v. U.I., 148 DPR 13, 30 (1999); Pressure Vessels P.R. v. Empire Gas P.R., 137 DPR 497, 504-505 (1994). Asimismo, están precisados a interpretar las aseveraciones de la parte demandante en forma **conjunta**, de la manera **más favorable y liberal**, formulando a su favor todas las inferencias que puedan asistirle. Colón v. Lotería, *supra*, pág. 649; Roldán v. Lutrón, S.M., Inc., *supra*, pág. 890; Pressure Vessels P.R. v. Empire Gas P.R., *supra*, pág. 505. De esta forma, los tribunales deben razonar si a la luz de la **situación más favorable al demandante, y resolviendo las dudas a favor de éste**, la demanda es suficiente para constituir una

reclamación válida. Colón v. Lotería, *supra*, pág. 649; Pressure Vessels P.R. v. Empire Gas P.R., *supra*, pág. 505.

En consecuencia, la causa de acción no debe ser desestimada a menos que el promovente de la moción demuestre que el demandante no tiene derecho a remedio alguno al amparo de cualquier estado de hechos que puedan ser evidenciados en apoyo a su causa de acción. Colón v. Lotería, *supra*, pág. 649; Roldán v. Lutrón, S.M., Inc., *supra*, pág. 890; Pressure Vessels P.R. v. Empire Gas P.R., *supra*, pág. 505. Por tanto, se debe conceder la desestimación cuando existan circunstancias que permitan a los tribunales determinar, sin ambages, que la demanda **adolece de todo mérito o que la parte no tiene derecho a obtener remedio alguno**.

Por su parte, esta Curia ha sostenido firmemente la clara política pública judicial de que los casos **se ventilen en sus méritos**. Datiz v. Hospital Episcopal, 163 DPR 10, 20 (2004); Mercado v. Panthers Military Soc., Inc., 125 DPR 98, 105 (1990). Como corolario de esta política, hemos reiterado que existe un **trascendental interés en que todo litigante tenga su día en corte**.

A la luz de este marco estatutario y jurisprudencial, pasamos a exponer nuestro parecer.

### III

Conforme indicamos, los foros recurridos desestimaron las alegaciones de inconstitucionalidad de la Ley Núm. 108 instadas por los productores, al amparo de la examinada regla procesal. Los foros razonaron que los productores dejaron de exponer una

causa de acción que justificara la concesión de un remedio, por lo que desestimaron de plano la totalidad de su reclamo. Empero, arriban a esta conclusión sin otorgarle a los productores la posibilidad de un desfile de evidencia tendente a demostrar la veracidad de lo aseverado. Ante esa realidad, este Tribunal emite una Sentencia cuya consecuencia directa es ratificar un curso de acción contrario a los postulados básicos de nuestro ordenamiento jurídico. No nos queda más que disentir.

No podemos avalar la contención de los foros recurridos. Sus determinaciones y fundamentos no logran persuadirnos. Ello, pues, sostenemos que al desestimar la causa de acción de los productores, los foros incidieron al contravenir la firme política pública de que los casos deben ventilarse en los méritos y, sobre todo, al quebrantar la máxima de que todo litigante debe tener su día en corte. Por tanto, somos de la opinión de que no procedía la desestimación del reclamo instado.

Entendemos que en consideración a las alegaciones incoadas por los productores, a lo sumo, se les debió permitir que demostraran los méritos de sus reclamaciones mediante la celebración de una vista evidenciaria. Por ello, afirmamos que la razón ampara a los productores cuando aducen que la adjudicación de su reclamo requería un desfile de prueba a tales efectos.

Es más, mediante la celebración de una vista evidenciaria, el foro primario tendría un panorama más amplio que le permitiría examinar con mayor detenimiento la situación presentada por los productores. De esta forma, el referido foro

estaría en mejor posición para cumplir a cabalidad con el mandato de examinar si, a tenor con la situación más favorable para los demandantes y resolviendo las dudas a favor de éstos, procedía en derecho desestimar su causa de acción. Lo anterior, posibilitaría que dentro de las circunstancias del presente caso se cumpla, de forma adecuada, con la deseable práctica de que los casos se ventilen en los méritos. Política judicial de la que, reiteradamente, este Tribunal ha sido fiel patrocinador. Recordemos, pues, que la desestimación debe ser la excepción y no la norma general.

En fin, debemos señalar que si bien reconocemos que la Asamblea Legislativa tiene múltiples alternativas a su disposición para implantar la política pública que emana de la Ley Núm. 108 y, al mismo tiempo, lograr un balance entre las alegaciones de los productores sobre los efectos de la aplicación de ésta, ello no puede ser óbice para que los foros judiciales atiendan oportuna y diligentemente el reclamo constitucional instado.

**IV**

Al amparo de los fundamentos que anteceden, no puedo avalar la desestimación de la demanda instada por los productores de espectáculos.


Luis F. Estrella Martínez
Juez Asociado