Voto particular disidente emitido por el
Juez Asociado Se-ñor Estrella Martínez,
al cual se unen la Jueza Asociada Señora Pabón Charneco y el Juez Asociado Señor Kol-thoff Caraballo.
Respetuosamente disiento de la acción de confirmar el dictamen desestimatorio del reclamo de los productores de espectáculos por estar esta Curia igualmente dividida. En su lugar, hubiese revocado por entender que los foros ape-lados incidieron al desestimar su reclamo al amparo de la Regla 10.2 de Procedimiento Civil, infra. Ello, pues los fo-ros aludidos debieron permitir a estos productores que pre-sentaran evidencia con el fin de demostrar la veracidad de lo reclamado. Al desestimar su causa de acción por el fun-damento de que dejaron de exponer una reclamación que justificara la concesión de un remedio, se actuó en contra-vención al importante interés de que todo litigante tenga su día en corte. No podemos avalar un curso de acción que quebranta toda una política judicial firmemente estable-cida. Por lo tanto, expediría el recurso presentado para re-vocar el dictamen de los foros recurridos. La referida polí-tica pública judicial así lo exige.
A continuación, exponemos el escenario fáctico y proce-sal que dio margen a la controversia que nos ocupa.
*996 I
El 19 de agosto de 2011, varios productores de espec-táculos (productores) presentaron una demanda y senten-cia declaratoria en contra del Estado Libre Asociado de Puerto Rico (ELA) sobre el fundamento de que la Ley Núm. 108 de 12 de julio de 1985 (Ley Núm. 108),(1) 1 LPRA sec. 531 et seq., infringía sus derechos constitucionales. En particular, señalaron que esta ley viola su derecho a la igual protección de las leyes, su libertad de expresión, su derecho al trabajo y el derecho a no ser privados de su propiedad sin el debido proceso de ley.
En síntesis, los productores alegan que la Ley Núm. 108 transgrede la igual protección de las leyes, ya que discrimina en contra de los productores de espectáculos dirigidos a personas mayores de sesenta años. Plantean que el refe-rido esquema legal regula el contenido, así como el tiempo, el lugar y la manera de los espectáculos que producen. De igual forma, sostienen que existe una exclusión de facto de productores de espectáculos que apelan a las personas de edad avanzada. Asimismo, arguyen que la ley constituye una censura previa al hacer imposible económicamente los espectáculos dirigidos a las personas de edad avanzada.
Por otro lado, los productores aducen que la Ley Núm. 108 los priva de recibir un dinero al cual tienen derecho y frustra sus expectativas empresariales. Para ellos, la ley incauta propiedad privada sin el debido proceso de ley y sin concederles una compensación justa, pues plantean que tienen un interés propietario en la explotación econó-mica de su negocio. Finalmente, señalan que la aplicación de la aludida ley ha causado daños estimados en 2 millones *997 de dólares a cada productor (20 millones de dólares en total).
Luego de varios incidentes procesales, el ELA presentó una moción de desestimación fundamentándose en que la demanda no exponía hechos que justificaran la concesión de un remedio. Para el ELA, conceder lo reclamado por los productores constituiría una intervención indebida de los foros judiciales con las funciones y prerrogativas que le competen a las Ramas Legislativa y Ejecutiva. En cuanto a la igual protección de las leyes, el ELA argumentó que las disposiciones de la Ley Núm. 108 aplican a todos los pro-ductores por igual, por lo que no se configura una clasifi-cación sospechosa. Por lo tanto, adujo que la ley supera el escrutinio de razonabilidad.
Del mismo modo, el ELA argüyó que el estatuto en cues-tión no regulaba el tiempo, el lugar o la manera de las expresiones artísticas; tampoco prohibía la expresión ni re-gulaba el contenido de las mismas. Asimismo, en cuanto a la privación de propiedad sin un debido proceso de ley, planteó que la ley era una medida socioeconómica que de-bía evaluarse según el escrutinio de razonabilidad, el cual superaba.
El 21 de noviembre de 2011, los productores presenta-ron la correspondiente oposición a la solicitud de desestimación. En esta reiteraron los argumentos expues-tos en cuanto a la inconstitucionalidad de la Ley Núm. 108. El 20 de enero de 2012, los productores presentaron una moción de sentencia sumaria.
Así las cosas, el 29 de mayo de 2012 el Tribunal de Pri-mera Instancia emitió una Sentencia mediante la cual de-claró “ha lugar” la moción de desestimación presentada por el ELA. Por lo tanto, desestimó la totalidad de la demanda instada por los productores fundamentándose en que la de-manda no exponía hechos que justificaran la concesión de un remedio. En desacuerdo, los productores presentaron una moción de reconsideración, pero fue declarada “no ha lugar”.
*998 Inconformes con este dictamen, los productores acudie-ron al Tribunal de Apelaciones. Esencialmente, plantearon los mismos argumentos esbozados ante el foro primario. No obstante, añadieron el señalamiento de que la mencio-nada ley adolece de vaguedad, pues no imponía topes sobre la cantidad de boletos que recibirían el descuento o los que brindarían gratuitamente.
El 30 de agosto de 2013, el foro apelativo intermedio dictó una Sentencia mediante la cual confirmó el dictamen recurrido. Por este proceder, los productores recurren ante este Tribunal.
Empero, por encontrarse esta Curia igualmente divi-dida y conforme lo que dispone la Regla 4(a) de este Tribunal, 4 LPRAAp. XXI-B,(2) se emite una Sentencia cuyo re-sultado es confirmar los dictámenes desestimatorios del reclamo de los productores. Por ello, disiento y expreso a continuación los fundamentos que me llevan ello.
II
Antes de exponer nuestro criterio respecto a la contro-versia que nos ocupa, es menester señalar las disposiciones estatutarias y jurisprudenciales aplicables. Procedemos.
Como es sabido, la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, establece las defensas mediante las cuales una parte puede solicitar la desestimación de la causa de acción que se insta en su contra. Ello cuando es evidente que, a base de las alegaciones formuladas en la demanda, alguna de las defensas afirmativas prosperará. TransOceanic Life Ins. v. Oracle Corp., 184 DPR 689, 701 (2012). Así, esta regla dispone, en lo pertinente, que:
Toda defensa de hechos o de derecho contra una reclamación *999 se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada:
(1) Falta de jurisdicción sobre la materia.
(2) Falta de jurisdicción sobre la persona.
(3) Insuficiencia del emplazamiento.
(4) Insuficiencia del diligenciamiento del emplazamiento.

(5) Dejar de exponer una reclamación que justifique la con-cesión de un remedio.

(6) Dejar de acumular una parte indispensable. (Énfasis suplido). 32 LPRA Ap. V, R. 10.2.
En lo que atañe a la controversia que nos ocupa, hemos establecido que ante la presentación de una moción de desestimación basada en la quinta defensa de la aludida regla procesal, los foros judiciales deben tomar como ciertas to-das las alegaciones fácticas plasmadas en la demanda. Colón v. Lotería, 167 DPR 625, 649 (2006); Roldán v. Lutrón, S.M., Inc., 151 DPR 883, 889 (2000); Harguindey Ferrer v. U.I., 148 DPR 13, 30 (1999); Pressure Vessels P.R. v. Empire Gas P.R., 137 DPR 497, 504-505 (1994). Asimismo, están precisados a interpretar las aseveraciones de la parte demandante en forma conjunta, de la manera más favorable y liberal, formulando a su favor todas las inferencias que puedan asistirle. Colón v. Lotería, supra, pág. 649; Roldán v. Lutrón, S.M., Inc., supra, pág. 890; Pressure Vessels P.R. v. Empire Gas P.R., supra, pág. 505. De esta forma, los tribunales deben razonar si, a la luz de la situación más favorable al demandante y resolviendo las dudas a favor de este, la demanda es suficiente para constituir una reclamación válida. Colón v. Lotería, supra, pág. 649; Pressure Vessels P.R. v. Empire Gas P.R., supra, pág. 505.
En consecuencia, la causa de acción no debe ser desestimada a menos que el promovente de la moción demuestre que el demandante no tiene derecho a remedio alguno al amparo de cualquier estado de hechos que puedan evidenciarse en apoyo a su causa de acción. Colón v. Lotería, supra, pág. 649; Roldán v. Lutrón, S.M., Inc., supra, pág. 890; Pressure Vessels P.R. v. Empire Gas P.R., supra, pág. 505. *1000 Por lo tanto, se debe conceder la desestimación cuando existan circunstancias que permitan a los tribunales deter-minar, sin ambages, que la demanda no tiene mérito al-guno o que la parte no tiene derecho a obtener remedio alguno.
Por su parte, esta Curia ha sostenido firmemente la clara política pública judicial de que los casos se ventilen en sus méritos. Datiz v. Hospital Episcopal, 163 DPR 10, 20 (2004); Mercado v. Panthers Military Soc., Inc., 125 DPR 98, 105 (1990). Como corolario de esta política, hemos reiterado que existe un trascendental interés en que todo liti-gante tenga su día en corte.
Ala luz de este marco estatutario y jurisprudencial, pa-samos a exponer nuestro parecer.
H-1 HH I — i
Conforme indicamos, los foros recurridos desestimaron las alegaciones de inconstitucionalidad de la Ley Núm. 108 instadas por los productores, al amparo de la examinada regla procesal. Los foros razonaron que los productores de-jaron de exponer una causa de acción que justificara la concesión de un remedio, por lo que desestimaron de plano la totalidad de su reclamo. Empero, arriban a esta conclu-sión sin otorgarle a los productores la posibilidad de un desfile de evidencia tendente a demostrar la veracidad de lo aseverado. Ante esa realidad, este Tribunal emite una Sentencia cuya consecuencia directa es ratificar un curso de acción contrario a los postulados básicos de nuestro or-denamiento jurídico. No nos queda más que disentir.
No podemos avalar la contención de los foros recurridos. Sus determinaciones y fundamentos no logran persua-dirnos. Ello, pues sostenemos que al desestimar la causa de acción de los productores, los foros incidieron al contra-venir la firme política pública de que los casos deben ven-tilarse en los méritos y, sobre todo, al quebrantar la *1001 máxima de que todo litigante debe tener su día en corte. Por lo tanto, somos de la opinión de que no procedía la desestimación del reclamo instado.
Entendemos que, en consideración a las alegaciones in-coadas por los productores, a lo sumo, se les debió permitir que demostraran los méritos de sus reclamaciones me-diante la celebración de una vista evidenciaria. Por ello, afirmamos que la razón ampara a los productores cuando aducen que la adjudicación de su reclamo requería un des-file de prueba a tales efectos. Es más, mediante la celebra-ción de una vista evidenciaria, el foro primario tendría un panorama más amplio que le permitiría examinar con mayor detenimiento la situación presentada por los productores. De esta forma, el referido foro estaría en me-jor posición para cumplir a cabalidad con el mandato de examinar si, a tenor con la situación más favorable para los demandantes y resolviendo las dudas a favor de estos, procedía en derecho desestimar su causa de acción. Lo anterior posibilitaría que, dentro de las circunstancias del presente caso, se cumpla de forma adecuada con la desea-ble práctica de que los casos se ventilen en los méritos, política judicial de la que, reiteradamente, este Tribunal ha sido fiel patrocinador. Recordemos, pues, que la deses-timación debe ser la excepción y no la norma general.
En fin, debemos señalar que, si bien reconocemos que la Asamblea Legislativa tiene múltiples alternativas a su dis-posición para implantar la política pública que emana de la Ley Núm. 108 y, al mismo tiempo, lograr un balance entre las alegaciones de los productores sobre los efectos de la aplicación de esta, ello no puede ser óbice para que los foros judiciales atiendan oportuna y diligentemente el re-clamo constitucional instado.
IV
Al amparo de los fundamentos que anteceden, no puedo *1002 avalar la desestimación de la demanda instada por los pro-ductores de espectáculos.

 En lo pertinente, la ley establece el derecho de las personas mayores de sesenta años a recibir un descuento de cincuenta por ciento en el boleto de admisión para cualquier espectáculo que se lleve a cabo en instalaciones o facilidades pertenecientes al Estado Libre Asociado (ELA). También dispone que el derecho de admi-sión a estas actividades debe concedérsele libre de costo a toda persona que tenga setenta y cinco años o más.

 Esta regla establece, en lo pertinente, que “[p]ara la expedición de un auto por el [P]leno, se requerirán los votos de por lo menos la mitad de los jueces y las juezas que intervengan. Cuando la votación sea empate, se expedirá el auto discrecional y se confirmará el dictamen objeto del recurso”. 4 LPRA Ap. XXI-B, R. 4(a).